ROBERT LINCOLN *vs.* BOARD OF APPEALS OF FRAMINGHAM (and a companion case[1]).

Middlesex.   October 10, 1963. — November 4, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Jurisdiction,* Zoning. *Equity Pleading and Practice,* Zoning appeal. *Jurisdiction,* Zoning. *Notice. Superior Court,* Jurisdiction.

The Superior Court had no jurisdiction of a suit in equity by way of appeal from a decision of a zoning board of appeals under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, where, although the bill was filed seasonably within the prescribed twenty days, notice of its filing with a copy was not given to the municipal clerk within such twenty days.   [419–420]

The exclusive remedy of one aggrieved by a decision of a zoning board of appeals granting a variance was by suit in equity in the Superior Court by way of appeal from the decision under G. L. c. 40A, § 21; the Superior Court had no jurisdiction to review the decision in a suit in equity by the aggrieved person against the municipal building inspector to restrain him from issuing a building permit pursuant to the variance.   [419, 420]

TWO BILLS IN EQUITY filed in the Superior Court on September 20, 1962, and October 1, 1962, respectively.

The suits were heard by *Voke, J.,* on demurrers.

*Dewey C. Kadra,* for the plaintiff, submitted a brief.

*Robert A. Belmonte* for the Board of Appeals of Framingham.

*Alden S. Seltzer,* Town Counsel, for the Building Inspector of Framingham.

SPIEGEL, J.   This is a bill in equity brought pursuant to G. L. c. 40A, § 21, as amended through St. 1960, c. 365, to

―――――

[1] The companion case is by the same plaintiff against the Building Inspector of Framingham.

annul a decision of the board of appeals of the town of Framingham directing the building inspector of the town to issue a construction permit to erect an apartment house on property adjacent to that owned by the plaintiff located in Framingham. A companion suit was brought against the building inspector of the town of Framingham seeking to restrain him from issuing a building permit. Demurrers to the bills were sustained by interlocutory decrees from which the plaintiff did not appeal. Final decrees were entered dismissing the bills, and the plaintiff appealed.

The grounds of demurrer in the first suit are (1) the court is without jurisdiction of the subject matter of the suit; and (2) § 21 of c. 40A of the General Laws provides specifically that notice of the "bill in equity shall be given to such city or town clerk so as to be received within . . . 20 days."

The grounds for demurrer in the companion case are (1) the court is without jurisdiction of the subject matter of the suit; and (2) c. 40A provides the proper method for appeal in decisions involving the zoning board of appeals.

The pertinent allegations of the bill in the first suit are these. On August 31, 1962, the board granted a variance for the erection of an apartment building at 440–480 Old Connecticut Path, Framingham. On September 20, 1962, the plaintiff filed a bill in equity in the Middlesex Superior Court appealing the decision of the board.

The affidavit attached to the bill shows that notice of the filing of the bill was given to the town clerk on September 26, 1962.

The sole issue in this suit is whether the failure of the plaintiff to give notice of the filing with a copy of the bill in equity within the statutory period rendered the appeal void.

General Laws c. 40A, § 21, provides in pertinent part as follows: "Any person aggrieved by a decision of the board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court for the county in which the land concerned is situated, by filing a bill in equity within twenty days after the decision has been filed in the office of the city

Lincoln *v.* Board of Appeals of Framingham.

or town clerk. *Notice of the filing with a copy of the bill in equity shall be given to such city or town clerk so as to be received within such twenty days"* (emphasis added).

The plaintiff, in effect, maintains that the 1960 amendment to the statute (St. 1960, c. 365) was intended to overrule our decision in the case of *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745, in which we held that the failure to give notice to the city clerk within the twenty day period deprived the Superior Court of jurisdiction in an appeal under G. L. c. 41, § 81BB, a statute analogous to the one involved in the instant case.

Prior to the 1960 amendment of c. 40A, § 21, the requirement with reference to notice[2] was in almost the same language as in the present statute and certainly without ambiguity. We perceive nothing in the change in language made by the 1960 amendment to indicate an intent to upset either the reasoning or the result of the *Carey* case, *supra.* Accordingly, there was no error in sustaining the demurrer in the suit against the board of appeals.

With reference to the companion case the plaintiff states in his brief that "[i]f it should be determined by the Court that the zoning appeal fails, the petitioner requests the Court to review the decision of the Board under its broad equity powers, or under its power to render a declaratory judgment." "The exclusive remedy of a person aggrieved by a decision of the board is the statutory appeal to the Superior Court. G. L. c. 40A, § 21." *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 232, and cases cited.

Having determined that the plaintiff cannot prevail in his first suit because of failure to comply with the provisions of c. 40A, § 21, we are not disposed to circumvent the clear intent of this statute.

The demurrer in the suit against the building inspector was also rightly sustained.

*Decrees affirmed.*

---

[2] "Notice of such appeal shall be given to such city or town clerk so as to be received within such twenty days" (St. 1958, c. 175).