FRANK J. OPIE *vs.* BOARD OF APPEALS OF GROTON
& another.

Middlesex.      November 4, 1965. — December 7, 1965.

Present: SPALDING, WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Pleading and Practice,* Zoning appeal. *Equity Jurisdiction,* Zoning.

In a suit in equity under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, by way of appeal from a decision of a zoning board of appeals, the statute does not require that the plaintiff file with the clerk of court an affidavit that notice of the filing of the bill, with a copy thereof, has been given to the municipal clerk. [732]

Dismissal of a bill in equity under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, by way of appeal from a decision of a zoning board

of appeals, filed by one other than the original applicant to the board, was not required by the fact that the notice of the filing of the bill, with a copy thereof, seasonably filed with the municipal clerk was not accompanied by a copy of the decision, or by the fact that the notice of the filing of the bill, with a copy thereof, seasonably given to each defendant, was not accompanied by a copy of the decision where the copy of the bill identified the decision and stated that a copy thereof was attached to the bill as filed.   [732–733]

BILL IN EQUITY filed in the Superior Court on November 23, 1964.

The suit was heard by *Fairhurst,* J., on a plea in abatement.

*Warren W. Allgrove* for the plaintiff.

*Michael R. Pizziferri (Joseph A. Todisco* with him) for the defendant John J. Long.

WHITTEMORE, J.   This is a suit in equity in the Superior Court under G. L. c. 40A, § 21, by way of appeal from a decision of the board of appeals of Groton granting to the defendant John J. Long a variance for the use of certain premises as a funeral home.   Long filed a plea in abatement, assigning as reasons that the plaintiff did not attach a copy of the decision of the board of appeals of Groton to Long's copy of the bill and failed to file an affidavit of the giving of notice, with copy of the bill, to the town clerk of the town of Groton.   The plaintiff's appeals from an interlocutory decree sustaining the plea and from a final decree dismissing the bill bring the issue to this court.

General Laws c. 40A, § 21, as amended through St. 1960, c. 365, provides, in part: ''Any person aggrieved by a decision of the board of appeals . . . may appeal to the superior court for the county in which the land concerned is situated, by filing a bill in equity within twenty days after the decision has been filed in the office of the city or town clerk.   Notice of the filing with a copy of the bill in equity shall be given to such city or town clerk so as to be received within such twenty days. . . .   There shall be attached to the bill a copy of the decision appealed from, bearing the date of filing thereof, certified by the city or town clerk with whom the decision was filed.   Where the bill is filed

by someone other than the original applicant, appellant or petitioner, such original applicant, appellant or petitioner and all the members of the board of appeals shall be named as parties respondent with their addresses. To avoid delay in the proceedings, instead of the usual service of process on a bill in equity, the plaintiff shall within fourteen days after the filing of the bill in equity give written notice thereof, with a copy of the bill by delivery or certified mail to all respondents, including the members of the board of appeals, and shall, within twenty-one days after the entry of the bill file with the clerk of the court an affidavit that such notice has been given. If no such affidavit is filed within such time the bill shall be dismissed. . . .''

There are no findings. The affidavit seasonably filed by the plaintiff certifies to giving notice to ''all Respondents . . . with a copy of the Bill in Equity of the entry of subject suit by certified mail.'' The parties, however, at the argument, stipulated that no copy of the decision of the board of appeals was attached to the copies of the bill mailed to the defendants.

The statute does not require an affidavit of the filing with the town clerk of a copy of the bill in equity. The absence of such an affidavit was not a defect and the second ground of the plea fails.

The statute provides for an appeal to be taken ''by filing a bill in equity.'' See *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96, 98–99. The filing of a copy of the bill with the town clerk was also a requirement of a valid appeal. See *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418, 420; *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745. The plea does not aver that this requirement was omitted. We are not clear whether the stipulation before us was intended to establish that no copy of the decision had been attached to the copy of the bill filed with the town clerk. If we were to assume the absence of such a copy, this would not show any deficiency in the filing. The board's decision was by necessity on file in the clerk's office. We do not construe the statute to

make it a condition of valid notice to the clerk that the plaintiff send back to the clerk a copy of the certified copy just furnished by him. The bill fully identified the decision as to substance, date and time of filing with the town clerk so that the purpose of the filing of a copy of the bill with the town clerk was fully served.

The suit having been duly entered, the failure to comply with the provisions for notice to parties did not deprive the court of jurisdiction. *Cohen* case, *supra.* The issue is whether the Superior Court was nevertheless required by the express language of § 21 to dismiss the suit. We rule that it was not. The affidavit as filed strictly complied with the statute. We assume that, nevertheless, on a showing of essential deficiency in service contrary to the certification, the court should order the affidavit struck or proceed as though no affidavit had been filed.

The statute does not in express terms require that the copy of the decision be attached to the copy of the bill served on the defendants. The principal purpose of the requirement that a certified copy of the decision be attached to the bill is, we think, to show of record that the suit is timely as well as the precise decision appealed from. This principal purpose is fully served when the bill with attachment is duly filed; the omission of the attachment from the copy of the bill sent to the defendants in no way defeats it. The purpose of the requirement as to notice is, of course, to give all the defendants full knowledge of the proceeding against them. We assume that the statute intends that this be done by including the copy of the decision with the copy of the bill served on the defendants. But the copy of the bill, as sent to each defendant in this case, expressly informed him that the decision was the decision of the defendant board of appeals, dated October 28, 1964, and filed with the town clerk November 2, 1964, to grant to the other defendant, Long, a variance to operate a funeral home at No. 1 Hollis Street and that a copy of that decision was attached to the bill as filed. In the circumstances there was no essential deficiency of service that required the court to disregard the affidavit.

No issue of discretion is presented, but there appears no prejudice or other basis for discretionary dismissal or imposition of terms. See the *Cohen* case, 347 Mass. at 99.

The interlocutory and final decrees are reversed. An interlocutory decree is to enter in the Superior Court overruling the plea in abatement.

*So ordered.*