FREDERICK G. LADD & others *vs.* BOARD OF APPEAL OF MALDEN & another. May 2, 1967. This appeal to the Superior Court under G. L. c. 40A, § 21, from the granting of a variance by the board of appeal of Malden was dismissed for supposed lack of jurisdiction. The defect relied on was the omission to name as a defendant or to serve Charles D. Kelley, a member of the board (also its clerk), who participated in the hearing and decision. There is a suggestion that this was due to a misunderstanding of Kelley's status. The dismissal reflected the mandatory language of § 21. By a recent ruling, however, we have established that the section is not to be so construed. *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 680–683. It does not appear that there was any failure in prompt notice to the board as such, or any delay in the representation of the city's interests by the city solicitor. Hence the allowance of a motion to correct the formal defect appears appropriate. The ordinances are not in the record, but it appears that there is provision for a board of five members and for three associate members, whose status, at least when not acting, is not clear. The five persons named as defendants and served, apart from Kelley, did not include Alfred L. Jacobson, a member, and Joseph Roche, an associate member, neither of whom participated in the hearing or decision. The statute specifies as parties "all the members of the board of appeals." In the circumstances we think it will suffice if an amendment provides for service on Kelley and Jacobson. The final decree is reversed and the case is to stand for further proceedings consistent herewith.

*So ordered.*

*Samuel Leader* for the plaintiffs.
*Edward J. Bushell* (*Frederick J. Wheeler, Jr.,* with him) for the defendant Tropeano Construction Co., Inc.