MARY C. HEALY & others *vs.* BOARD OF APPEALS OF WATERTOWN & another.

Middlesex.    May 6, 1969. — June 3, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Zoning*, Board of appeals: notice. *Equity Pleading and Practice*, Zoning appeal, Bill.

A zoning board of appeals did not lack jurisdiction of a request for permission to construct a "new Nursing Home" at a stated address in a particular zoning district by reason of a statement in the notice of the public hearing that both a special permit and a variance were sought, although under the zoning by-law the board had no power to grant a special permit in that district. [131]

Dismissal of a bill in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning board of appeals, filed by persons not including the original applicant to the board, was not required by the mere failure of the plaintiffs to include, with the notice of the filing of the bill and copy of the bill given to each defendant, a copy of the board's decision, which was incorporated in the bill. [131–132]

Where the bill in a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning board of appeals granting a variance adequately stated in summary form that the statutory requirements for the granting of a variance had not been met and incorporated the decision of the board, a demurrer to the bill was rightly overruled. [132]

BILL IN EQUITY filed in the Superior Court on May 13, 1968.

The defendant River Manor, Inc. appealed from interlocutory decrees entered by *Good,* J., overruling a demurrer and a plea in bar, and from the final decree entered by *Collins,* J.

*David Berman* (*Anthony J. DiPerna* with him) for River Manor, Inc.

*Thomas C. Menton* for the plaintiffs.

WHITTEMORE, J. This is an appeal from a decision of the board of appeals of Watertown granting to the defendant River Manor, Inc. (River Manor) a variance and a special permit for a new building for a nursing home to be built on the site of, and to replace, River Manor's existing nursing home building. A final decree was entered in the Superior Court annulling the decision.

Contrary to the ruling below, we hold that the board had jurisdiction. It was not a jurisdictional defect that the notice of hearing stated that both a special permit and a variance were sought, although, as River Manor conceded in the Superior Court when the case came on to be heard, the board under the by-law had no power to grant a special permit in the particular zoning district. The essence of the notice was that board action, as specified, was requested to permit a "new Nursing Home" at the stated address. Any person opposed to or in favor of the proposal was thus given opportunity to be heard.

The failure of the plaintiffs to include a copy of the de-

cision of the board with the notices of the bill in equity served on the defendants was not a jurisdictional defect. *Opie* v. *Board of Appeals of Groton,* 349 Mass. 730, 732–733.

The demurrer of River Manor was rightly overruled. The bill in equity adequately stated in summary form that the statutory requirements for a variance had not been met. The decision of the board was incorporated in the bill.

On the issue whether, on facts such as are recited in the board's decision to have been stated at the hearing, a variance could validly be granted, see *Abbott* v. *Appleton Nursing Home, Inc.* 355 Mass. 217.

The interlocutory decrees are affirmed. The final decree is reversed and the case is remanded to the Superior Court for determination under G. L. c. 40A, § 21, of the validity of the granting of the variance.

*So ordered.*