MAURICE F. SHAUGHNESSY & another[1] vs. BOARD OF APPEALS OF LEXINGTON & another.[2]

Middlesex.   December 3, 1969. — February 5, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Equity Pleading and Practice,* Zoning appeal, Amendment, Parties. *Equity Jurisdiction,* Zoning.   *Jurisdiction,* Zoning.

Where it appeared in a suit in equity under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, by way of appeal from a decision of a zoning board of appeals granting a variance, brought by persons other than the applicant for the variance, that the written notice of the filing of the bill was seasonably given to all defendants but that the plaintiffs' affidavit that such notice had been given was not filed with the clerk of the court within the prescribed twenty-one days after the entry of the bill, and no prejudice was shown to any of the defendants from the failure so to file the affidavit, it was held that the timely filing of the affidavit was not a jurisdictional requirement and that in the absence of such prejudice it was error to dismiss the bill for want of jurisdiction by reason of the provision of § 21 that "if no such affidavit is filed within . . . [the prescribed] time the bill shall be dismissed." [13–14]
The Superior Court was not deprived of jurisdiction of a bill in equity by way of appeal from a decision of a zoning board of appeals under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, granting a

---

[1] Louise E. Shaughnessy.

[2] R. J. Foley Realty Trust.

variance, filed by persons other than the applicant for the variance, by the facts that the plaintiffs' seasonable written notice of the filing of the bill was sent to a regular member of the board who had not sat with it at the hearing on the variance and had not signed the board's decision, and was not sent to an associate member of the board who substituted for the regular member at the hearing and signed the decision but was not named as a defendant; a motion by the plaintiffs seeking leave to amend the bill by adding the associate member as a defendant and to serve him with notice of the suit should have been allowed. [14]

BILL IN EQUITY filed in the Superior Court on February 8, 1968.

The suit was heard by *Lappin*, J.

*Thomas R. Morse, Jr.*, for the plaintiffs.

*Frederick J. Conroy* for the defendants.

KIRK, J.  This case is before us on the plaintiffs' appeal from a final decree in the Superior Court dismissing for want of jurisdiction their bill in equity in the nature of an appeal under G. L. c. 40A, § 21, from a decision of the board of appeals (the board) of Lexington (the town) granting a variance to the R. J. Foley Realty Trust (Foley Realty) to construct a single family dwelling on a lot (the locus) smaller in area and in frontage than allowed by the town's zoning by-law.[3]

We confine our statement of the case to matters which bear upon the jurisdictional issue.  The plaintiffs' dwelling is on a lot purchased from Foley Realty.  It is adjacent to the locus.  All formalities pertaining to the application for and hearing on the variance were complied with by Foley Realty.  The board's decision granting the variance was filed on February 5, 1968, and copies were mailed to the parties in interest.  On February 8, 1968, the plaintiffs as persons aggrieved by the decision filed the present bill in equity under G. L. c. 40A, § 21.  On March 4, 1968, an affidavit was filed on behalf of the plaintiffs with the clerk of the courts for Middlesex County reading: "We, attorneys for the appellants, hereby affirm that in accordance

---

[3] The locus has a frontage of 104.88 feet; the by-law requires a frontage of 150 feet.  The locus has 18,889 square feet; the by-law requires 30,000 square feet.

with . . . [G. L. c. 40A, § 21] notice was given to all of the respondents in the above entitled action of the filing of the Equity Petition by forwarding a copy of said [p]etition to each respondent by certified mail, return receipt requested under date of February 13, 1968." The affidavit was notarized on March 1, 1968.

Prior to the trial, no question was raised by any of the defendants at any time in any form that there had been noncompliance with any of the provisions of G. L. c. 40A § 21.[4]

At the trial counsel for the defendants stated, "I would agree that notices were sent to all the members of the [b]oard of [a]ppeals." At the close of the plaintiffs' evidence the judge upon inquiry elicited and stated the following deficiencies under the statute: the addresses of the defendants were not stated in the bill with their names; one of the five individuals to whom a copy of the bill in equity was sent was George P. Wadsworth, a regular member of the board. Wadsworth, however, had not sat with the board at the hearing on Foley Realty's application for a variance and did not sign the board's decision; Robert H. Farwell, an associate member of the board, who substituted for Wadsworth at the hearing and signed the decision, was not named as a defendant and did not receive notice of the

---

[4] General Laws c. 40A, § 21, as amended through St. 1960, c. 365, provides in relevant part: "Any person aggrieved by a decision of the board of appeals . . . may appeal to the superior court for the county in which the land concerned is situated, by filing a bill in equity within twenty days after the decision has been filed in the office of the city or town clerk. Notice of the filing with a copy of the bill in equity shall·be given to such city or town clerk so as to be received within such twenty days. . . . There shall be attached to the bill a copy of the decision appealed from, bearing the date of filing thereof, certified by the city or town clerk with whom the decision was filed.

"Where the bill is filed by someone other than the original applicant, appellant or petitioner, such original applicant, appellant or petitioner and all the members of the board of appeals shall be named as parties respondent with their addresses. To avoid delay in the proceedings, instead of the usual service of process on a bill in equity, the plaintiff shall within fourteen days after the filing of the bill in equity give written notice thereof, with a copy of the bill by delivery or certified mail to all respondents, including the members of the board of appeals, and shall, within twenty-one days after the entry of the bill file with the clerk of the court an affidavit that such notice has been given. If no such affidavit is filed within such time the bill shall be dismissed. . . ."

entry of the bill. Finally, the judge pointed out that the affidavit of notice was not filed with the clerk of the courts within twenty-one days after the entry of the bill.

The plaintiffs thereupon moved to amend their bill by adding Farwell as a party defendant with leave to serve him by certified mail. They also moved to amend the entry date of their bill from February 8, 1968, to February 13, 1968, so that the actual date of filing the affidavit (March 4) would be within twenty-one days after February 13. (February 13, was, in turn, within the twenty days allowed for the entry of the bill in equity after the filing of the board's decision on February 5.) Both motions were denied.

In his order for decree the judge specifically rested his decree for dismissal for want of jurisdiction on the sentence in G. L. c. 40A, § 21, "If no such affidavit is filed within such time the bill shall be dismissed."

The judge ruled that "the failure of the [p]etitioners to file the affidavit of notice within the 21 days as prescribed by . . . [G. L. c. 40A, § 21] is a jurisdictional defect and, because of this defect, this Court has no jurisdiction to entertain the appeal and the bill is dismissed for that reason." We infer that the judge's denial of the two motions was as matter of law and not of discretion and was corollary to his basic ruling that he was without jurisdiction to entertain the case.

We have had occasion to consider the jurisdictional issue. in other aspects of the statute since the amendment of G. L. c. 40A, § 21, by St. 1960, c. 365. Some of the cases have turned on the adequacy or timeliness of notice to persons or parties specified in the statute. Thus in *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418, and in *Maria* v. *Board of Appeal of Lowell,* 348 Mass. 798, failure to give notice to the town or city clerk of the entry of the bill as required by the statute was fatal and deprived the court of jurisdiction. In *Bearce* v. *Zoning Bd. of Appeals of Brockton,* 351 Mass. 316, before us on a case stated which was silent on the notice to the city clerk as required under G. L. c. 40A, § 21, the defendant during trial raised the

jurisdictional issue. We stated at p. 320 the plaintiff was not relieved of the duty to show jurisdiction, and then, citing *Carey* v. *Planning Bd. of Revere*, 335 Mass. 740, 745, we said, "Jurisdiction depends on the fact of the notice, not on whether it was pleaded." Because of the context in which the issue was raised at the trial leave was given in the rescript to the plaintiff to show by amendment or affidavit the fact of the required notice, and therefore the existence of jurisdiction.

We think that the giving of the required notice to all defendants including the members of the board of appeals within the prescribed time after the entry of the bill in equity is jurisdictional. The doing of the acts which constitute notice is the essence of jurisdiction under the statute. The filing of the affidavit is an affirmation on the court record that the essential acts have been done. The affidavit is not in essence or substance a jurisdictional act. When the essential acts have been done the failure to file the affidavit precisely within the time specified should not operate as a condition subsequent to nullify the essential acts and to deprive the court of the jurisdiction which it has acquired. Our construction of the statute is influenced by what the court said in another context in *Cheney* v. *Coughlin*, 201 Mass. 204, 211, recently quoted in *Cullen* v. *Building Inspector of No. Attleborough*, 353 Mass. 671, 679: "As to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duty by a public officer and does not go to the essence of the thing to be done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done." We are likewise mindful of our comment on this statute in *McLaughlin* v. *Rockland Zoning Bd. of Appeals*, 351 Mass. 678, 682: "We believe the Legislature, in setting out a precise procedure for expediting appeals, for giving notice to those principally concerned, and for recording that the required steps have been taken, did not intend . . . to create a series of procedural barriers reminiscent of an earlier age of the law."

We hold therefore that the sentence, "If no such affidavit is filed within such time the bill shall be dismissed," means that the affidavit must be filed, and that it should be filed within the stated time, and also that failure to file the affidavit within the prescribed time is an omission which is important, and which may be "critical," see *Halko* v. *Board of Appeals of Billerica*, 349 Mass. 465, 468, but which is not necessarily fatal. We conclude that if there is a failure to file the affidavit within the prescribed time, the bill shall upon a showing of prejudice caused by the failure, be dismissed. No prejudice to any of the defendants was shown at the trial.

The decree is reversed. The plaintiffs' motion to substitute Farwell for Wadsworth should be allowed, *Ladd* v. *Board of Appeal of Malden*, 352 Mass. 777, and the case decided on the merits.

*So ordered.*