LEONARD A. PIERCE *vs.* BOARD OF APPEALS OF CARVER
& another.[1]

Plymouth.    May 15, 1975. — June 18, 1975.

Present: ROSE, GRANT, & ARMSTRONG, JJ.

*Practice, Civil,* Zoning appeal, Process. *Jurisdiction,* Zoning. *Massa-chusetts Rules of Civil Procedure. Words, "Deliver."*

The mailing of a complaint and summons to an officer for service on
   the defendant does not constitute "delivery" within the meaning of
   Mass. R. Civ. P. 4 (a) until such time as those papers are actually
   received by the officer. [355-357]
Where three days after the filing of the complaint in a zoning appeal
   the plaintiff mailed copies of the complaint and the summonses to
   an officer for service but because of an error by the postal service
   the papers were not received and served by the officer until the six-
   teenth day after the filing of the complaint, service was not made
   within fourteen days as required by G. L. c. 40, § 21, and there was
   no error in dismissing the action. [357-358]

CIVIL ACTION commenced in the Superior Court on July
16, 1974.

The case was heard by *Ford,* J., on a motion to dismiss.

*John H. Wyman* for the plaintiff.

*Daniel F. Murray* for the defendant J. M. & J. Corpora-
tion.

GRANT, J.    Following our decision in *Pierce* v. *Board of
Appeals of Carver,* 2 Mass. App. Ct. 5 (1974) (further
appellate review denied, 365 Mass. 635 [1974]) the owner
of the locus (owner) filed another application to the board
of appeals (board) for a special permit to use the locus for
a mobile home park. The board, by a decision dated and
filed in the office of the town clerk on June 27, 1974, granted
the application. Pierce (plaintiff) again appealed to the

---

[1] J. M. & J. Corporation, owner of the locus.

Superior Court, filing his complaint therein on July 16, 1974. No summons was served on the owner or on any member of the board until August 1, 1974, which was the sixteenth day following the filing of the complaint.[2] The owner filed a motion to dismiss the action on the ground, among others, that the court lacked jurisdiction over the subject matter of the action because of the plaintiff's failure to make service on any of the defendants within the fourteen-day period set out in G. L. c. 40A, § 21, as appearing in St. 1973, c. 1114, § 4.[3] Mass.R.Civ.P. 12(b)(1) and (5), 365 Mass. 755 (1974). A judge of the Superior Court allowed the motion,[4] and judgment was entered dismissing the action. The plaintiff appealed.[5]

A study of the 1973 amendment of G. L. c. 40A, § 21 (n. 3), discloses that the Legislature chose thereby to jetti-

---

[2] We reject the plaintiff's contention that his counsel's written direction to a deputy sheriff to make service (mailed three days following the filing of the complaint) constituted compliance with the provision in the present G. L. c. 40A, § 21 (n. 3), that "the plaintiff shall cause ... the defendants to be served." The quoted language must be read in the light of the complementary provisions of Mass.R.Civ.P. 4(d)(1)-(6), 365 Mass. 734 (1974), which effectively define "service" as the accomplishment of at least one of the acts enumerated therein. None of those acts was accomplished in this case until the sixteenth day following the filing of the complaint.

[3] The third paragraph of § 21, as so appearing, provides in the part here material: "Where the action is commenced by someone other than the original applicant, appellant or petitioner, such original applicant, appellant or petitioner and all the members of the board of appeals shall be named as parties defendant. To avoid delay in the proceedings *the plaintiff shall cause each of the defendants to be served with process within fourteen days after the filing of the complaint,* and shall, within twenty-one days after the commencement of the action, file with the clerk of the court an affidavit that such service has been made. If no such affidavit is filed within such time the action shall be dismissed" (emphasis supplied). The 1973 amendment took effect on July 1, 1974 (St. 1973, c. 1114, § 351), and we are not here concerned with the further amendment of § 21 which was effected by St. 1974, c. 78, § 1.

[4] We do not know the actual reason(s) relied on by the judge in allowing the motion. He was excused by the last sentence of Mass. R.Civ.P. 52(a), 365 Mass. 816 (1974), from making any findings or stating any conclusions of law, and he did not do either.

[5] The board simply filed an appearance in the Superior Court. It has not participated in the appeal.

son the provisions for the plaintiff's giving written notice to the necessary parties which had been inserted in § 21 by St. 1960, c. 365,[6] and to revert to a scheme of notice by the service of judicial process, which was the concept underlying § 21 as it appeared in St. 1954, c. 368, § 2.[7] The legislative history of St. 1973, c. 1114,[8] discloses no reason for such a basic change. We can only surmise that there may have been some feeling that the 1960 provisions had caused more difficulties than they had obviated. See, e.g., *McLaughlin v. Rockland Zoning Bd. of Appeals*, 351 Mass. 678, 680-683 (1967); *Muldoon v. Board of Appeals of Watertown*, 351 Mass. 702 (1966); *Ladd v. Board of Appeal of Malden*, 352 Mass. 777 (1967); *Shaughnessy v. Board of Appeals of Lexington*, 357 Mass. 9, 10-14 (1970). There may also have been some feeling that it was desirable to substitute the certainty of an officer's return of service for the uncertainties of service by certified mail.

In each of the cases just cited[9] the court had occasion to determine the consequences (if any) of a delay resulting from a failure to comply with one or more of the 1960 notice provisions (n. 6), which were either said or consid-

---

[6] "Where the bill is filed by someone other than the original applicant, appellant or petitioner, such original applicant, appellant or petitioner and all the members of the board of appeals shall be named as parties respondent with their addresses. To avoid delay in the proceedings, instead of the usual service of process on a bill in equity, the plaintiff shall within fourteen days after the filing of the bill in equity give written notice thereof, with a copy of the bill by delivery or certified mail to all respondents, including the members of the board of appeals, and shall, within twenty-one days after the entry of the bill file with the clerk of the court an affidavit that such notice has been given. If no such affidavit is filed within such time the bill shall be dismissed...."

[7] "Any person aggrieved by a decision of a board of appeals...may appeal to the superior court sitting in equity...."

[8] See 1972 Senate Doc. No. 24 ("An Act conforming the General Laws of Massachusetts to the Massachusetts Rules of Civil Procedure and the Massachusetts Rules of Appellate Procedure"); 1973 Senate Doc. No. 11 (same title); 1973 House Doc. No. 7236 ("An Act improving the procedure in civil trials and appeals").

[9] See also *Cuzzi v. Board of Appeals of Medford*, 2 Mass. App. Ct. 887 (1974); *Curcio v. Russo, post,* 730 (1975).

ered to be jurisdictional in nature. Only in the *Muldoon* case did the court actually affirm a dismissal, and in their briefs in this case the plaintiff and the owner have concentrated largely on principles which they say should be deduced from those cases and applied to the procedures set out in the 1973 provisions. But whether we look at the 1960 or the 1973 provisions, the stated legislative purpose has been "[t]o avoid delay in the proceedings" (nn. 3 and 6). Assuming, without deciding, that the cases under the 1960 provisions would otherwise be applicable to the proper construction of the 1973 provisions, we think the plaintiff in this case has failed to come to grips with the reasons for the delay in serving the defendants, or with the question who should bear the responsibility for and the consequences of the delay.

Three days after the filing of the complaint counsel for the plaintiff sent copies of the complaint and summonses (the latter dated as of the day of filing the complaint) by first class mail, postage prepaid, to a deputy sheriff in Carver with a direction that he make service there on all the defendants. Without any actual fault on the part of the plaintiff or his attorney, the postal service transmitted the mailing by second class mail, with the result that the deputy did not receive the papers until the sixteenth day following the filing of the complaint, which was the day on which he served all the defendants. We are of opinion, on the foregoing facts,[10] that the plaintiff is chargeable with a failure to comply promptly with the requirement of Mass. R.Civ.P. 4(a), 365 Mass. 733 (1974), that "[u]pon commencing the action the plaintiff or his attorney shall *deliver* a copy of the complaint and a summons for service" (emphasis supplied) to the officer or other person who is to make the service.[11]

---

[10] Such of those facts as are not readily ascertainable from the portions of the record reproduced in the plaintiff's appendix are taken from assertions in his brief which appear to be accepted as true in the owner's brief.

[11] We do not attribute the same significance as the owner does to the statement in the reporters' note to Rule 4(a) that the rule "puts

The unqualified use of the word "deliver" in a rule such as Mass.R.Civ.P. 4(a) ordinarily implies a requirement of actual receipt by the person to whom it is intended that delivery be made. See *Thorndike, petitioner,* 270 Mass. 334, 335 (1930); *Boyajian, petitioner,* 310 Mass. 822, 823 (1941). A study of neighboring provisions of the new rules leads us to the conclusion that such is the intent of Rule 4(a). Thus, Rule 3[12] draws a clear distinction between a mailing to a clerk's office and an actual filing therein. Rule 5(b),[13] which is concerned with the service of papers which follow the complaint (see Rule 5[a]), provides that such service may be made either by a delivery or by a mailing. The delivery which is there contemplated is a qualified one, and both the authorized alternatives distinctly contemplate the possibility that the intended recipient may not actually receive the papers in question. In particular, the last sentence of Rule 5(b) relieves the party who chooses to make service by mail of the risks of delay and nondelivery. Contrast *Checkoway* v. *Cashman Bros. Co.* 305 Mass. 470, 472 (1940); *Bjornlund* v. *Zoning Bd. of Appeals of Marshfield,* 353 Mass. 757 (1967). Rules 3 and 5(b) draw clear distinctions between a mailing, a filing and a qualified delivery. Rule 4(a) refers only to an unqualified delivery.

---

the onus of delivering process to the server upon the plaintiff or his attorney . . .." The note was simply intended to point out the distinction between the (then proposed) Massachusetts practice and the Federal practice, where Fed.R.Civ.P. 4(a) provides that "[u]pon the filing of the complaint the *clerk* shall forthwith issue a summons and deliver it for service . . ." (emphasis supplied).

[12] "A civil action is commenced by (1) mailing to the clerk . . . a complaint and an entry fee . . . *or* (2) filing such complaint and an entry fee with such clerk" (emphasis supplied).

[13] "Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing."

Our consideration of those distinctions leads us to conclude that there is no "delivery" of a copy of the complaint or of a summons to an officer within the meaning of Rule 4(a) until such time as those papers are actually received by him. A contrary conclusion could lead to cases in which no service is ever made because of miscarriages or nondeliveries of the mails, contingencies for which Rule 4(a) makes no provision. We do not believe that our conclusion will work any practical hardship. If a plaintiff or his attorney is not in a convenient position to make actual delivery to an officer and wishes to avoid the risks of the mails, or if there is any reason to anticipate difficulty in finding an officer qualified to make service in the place where service must be made, the plaintiff or his attorney is free to make ex parte application to the court that it act under the provisions of Rule 4(c) to appoint some person other than an officer to make service in the particular case, a person to whom the required papers can be conveniently and immediately delivered for the intended purpose.[14] We are confident that such applications will be routinely granted upon the showing of a proper reason.

The conclusions we have expressed lead us to hold that in this case there was no timely delivery of the required papers to the officer for service by him. Service on the sixteenth day was not consonant with the provision of the 1973 amendment of G. L. c. 40A, § 21 (n. 3), that service be made on each defendant within fourteen days after the filing of the complaint. We are not dealing with a situation in which the required papers have been promptly delivered to an officer who is thereafter unable to find one or more of the necessary parties (or their respective agents for the receipt of service) within the remainder of the fourteen-day period.[15] We are confronted with a situation in which the plaintiff failed to put the officer in a position where he could have complied with the provisions of the statute. We are

---

[14] Such a person is expressly contemplated by Rule 4(a). His return of service is provided for in Rule 4(f).

[15] See the second sentence of Mass.R.Civ.P. 4(d)(1).

not convinced by any of the arguments advanced by the plaintiff that the circumstances are such that we should create an exception to the apparent requirement of an unambiguous statute.

*Judgment affirmed.*