LEONARD A. PIERCE *vs.* BOARD OF APPEALS OF CARVER
& another.[1]

Plymouth. January 7, 1976. — March 2, 1976.

Present: REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Zoning appeal, Amendment. *Jurisdiction,* Zoning.

Although it appeared that, because of a mistake by the postal service,
the defendants in a zoning appeal under G. L. c. 40A, § 21, were
not served with process until sixteen days after the commencement
of the action and that the statute required service within fourteen
days, dismissal of the action was not required as matter of law.
[807-811]

Where the trial court erroneously dismissed an action as matter of
law and where in the circumstances no significant issue of discre-
tion could be presented, this court ordered the complaint to be
reinstated. [812]

CIVIL ACTION commenced in the Superior Court on
July 16, 1974.

The case was heard by *Ford,* J.

After review by the Appeals Court, the Supreme
Judicial Court granted leave to obtain further appellate
review.

*John H. Wyman* for the plaintiff.

*Daniel F. Murray* for J. M. & J. Corporation.

KAPLAN, J. Statutes prescribing procedures for appeals
to the courts from decisions of administrative bodies often
lay down detailed requirements for filing papers and
giving notice, and for making proof of the accomplish-
ment of such requirements, all within set time limits.
Early cases can be found in this court which appear to
regard all the stated requirements as iron conditions of

---

[1] J. M. & J. Corporation, the applicant for a special permit, was
also a defendant.

the maintenance of the appeals.   In our decision of *Schulte* v. *Director of the Div. of Employment Security, ante,* 74 (1975), we reviewed a number of our more recent cases and sought to demonstrate that "a coherent rationale has emerged consonant with a modern view of the functions of litigative procedure. . . . Some errors or omissions are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal. . . . With respect to other slips in the procedure for judicial review, the judge is to consider how far they have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice.   After such an assessment, the judge is to decide whether the appeal should go forward without more, or on terms, or fail altogether." *Id.* at 79-80.   We held in the *Schulte* case that the particular error chargeable to the appellant was not so crucial and did not involve such prejudice as to call for the dismissal adjudged by the judge below, and we reinstated the appeal.[2]

The present case, although arising in a different context, puts much the same theoretical problem as the *Schulte* case.   General Laws c. 40A, § 21, as then last amended by St. 1973, c. 1114, § 4, to conform to our new rules of civil and appellate procedure effective on July 1, 1974,[3] provided for appeals to the Superior Court from decisions of the boards of appeals in matters of zoning and land use.   As far as here pertinent, § 21 stated:

"[A]ny person aggrieved by the decision of the board of appeals . . . may appeal to the superior court for the county in which the land is situated, by commencing a

---

[2] The error consisted of fixing the wrong return day of the petition for appeal of the administrative decision.

[3] Section 21 was further amended by St. 1974, c. 78, § 1, and c. 40A was rewritten by St. 1975, c. 808, § 3.   Section 17 of new c. 40A corresponds to the previous § 21.

civil action within twenty days after the decision has been filed in the office of the city or town clerk . . . . Written notice of such appeal together with a copy of the complaint shall be given to such city or town clerk within said twenty day appeal period. There shall be attached to the complaint a copy of the decision appealed from, bearing the date of the filing thereof, certified by the city or town clerk with whom the decision was filed.

"Where the action is commenced by someone other than the original applicant . . . such original applicant . . . and all the members of the board of appeals shall be named as parties defendant. To avoid delay in the proceedings the plaintiff shall cause each of the defendants to be served with process within fourteen days after the filing of the complaint, and shall, within twenty-one days after the commencement of the action, file with the clerk of the court an affidavit that such service has been made. If no such affidavit is filed within such time the action shall be dismissed. No answer shall be required but an answer may be filed. . . ."

Here J. M. & J. Corporation, the applicant, sought a special permit for construction of a mobile home park in the town of Carver. The board of appeals granted the permit with conditions, filing its decision with the town clerk on June 27, 1974. The plaintiff Pierce, an abutter, appealed this decision by commencing a civil action in the Superior Court in Plymouth County. He filed his complaint on July 16, and gave notice of the taking of the appeal to the town clerk on the same day.[4] On July 19 the plaintiff forwarded summonses and copies of the complaint to a deputy sheriff for service on the defendants, namely, the three members of the board of appeals and the applicant corporation. Although the papers were dispatched by first class mail, postage pre-

---

[4] The notice of the taking of the appeal is not reproduced in the record but is referred to in the affidavit timely filed with the clerk of court on August 6.

paid, the postal service by mistake handled them as second class mail and they did not reach the deputy sheriff until August 1. On that day — sixteen days after commencement of the action constituting the appeal — the sheriff made service on all the defendants.[5] An affidavit as to the service was sworn to on August 5 and filed in the Superior Court on August 6.

The members of the board of appeals entered their appearance in the action by counsel's letter of August 19 addressed to the clerk of court. The defendant J. M. & J. Corporation, however, moved on August 21 to dismiss the action "on the ground that the court lacks jurisdiction of the subject matter of the complaint" because it was not served with process within the time — fourteen days — prescribed by statute.[6] A judge of the Superior Court allowed the motion and judgment entered for the defendant on September 10. On appeal to the Appeals Court, the judgment was affirmed. 3 Mass. App. Ct. 352 (1975).[a] (It should be noted that this was before our decision in the *Schulte* case.) We granted further appellate review under G. L. c. 211A, § 11.

The question is whether a delay of two days beyond the stated time for effecting service on a defendant justifies dismissal of the action, apparently as matter of law.[7] We think a negative answer is not only required

---

[5] Service was made on each of the members of the board of appeals in accordance with Mass. R. Civ. P. 4 (d) (1), 365 Mass. 733 (1974). Service on J. M. & J. Corporation was attempted to be made under Rule 4 (d) (2), but delivery was made to "the wife of the owner of [the corporation]" who may not have been an officer or other person mentioned in that rule. See note 14, *infra.*

[6] The other material ground was the claimed defect in the service on the corporation; see note 5, *supra,* and note 14, *infra.*

[a] 329 N.E.2d 774 (1975).

[7] The Appeals Court dealt with the matter as one of law rather than discretion. So, very probably, did the judge of the Superior Court; see our text below.

by the reasoning of the *Schulte* case but was already fore-shadowed by previous decisions interpreting § 21.

It was held under prior versions of § 21 (not differing materially for the present purpose from the text now considered) that timely commencement of the action in the Superior Court was a condition of maintaining it. *Lane* v. *Selectmen of Great Barrington*, 352 Mass. 523, 526 (1967). *Opie* v. *Board of Appeals of Groton*, 349 Mass. 730, 732 (1965). *Halko* v. *Board of Appeals of Billerica*, 349 Mass. 465, 467 (1965). This is explained on grounds similar to those supporting a statute of limitations. See *Schulte* v. *Director of the Div. of Employment Security*, *supra* at 79. It has also been held a condition that notice of the commencement of the Superior Court action be timely filed (within the same twenty days from the filing of the decision of the board of appeals) with the town or city clerk. *Bjornlund* v. *Zoning Bd. of Appeals of Marshfield*, 353 Mass. 757 (1967). *McLaughlin* v. *Rockland Zoning Bd. of Appeals*, 351 Mass. 678, 680 (1967). *Lincoln* v. *Board of Appeals of Framingham*, 346 Mass. 418 (1963). *Carey* v. *Planning Bd. of Revere*, 335 Mass. 740, 744-745 (1957). *Costello* v. *Board of Appeals of Lexington*, 3 Mass. App. Ct. 441 (1975).[b] This goes on the common sense basis that a record in the clerk's office should be available to furnish "constructive" notice to interested persons that the decision of the board of appeals has been challenged and may be overturned. See *Carey* v. *Planning Bd. of Revere*, *supra* at 745; *McLaughlin* v. *Rockland Zoning Bd. of Appeals*, *supra* at 680. Passing from these dual requirements of the statute, policed in the strongest way, we go to the opposite extreme and find that a number of other lapses from the statute have been dealt with leniently, without the exaction of terms from the offending plaintiff. See, e.g., *Healy* v. *Board of Appeals of Watertown*, 356 Mass. 130 (1969), and *Opie* v. *Board of Appeals of*

---

[b] 333 N.E. 2d 210 (1975).

*Groton, supra* at 732-733 (omission to include copy of board's decision with copy of complaint served on defendants or filed with town clerk).[8]

With respect to late service on the defendants, there has perhaps been some uncertainty, but the indicated course has been, at most, to leave the sanction to the discretion of the judge rather than mechanically to destroy the action. There is a suggestive discussion in *McLaughlin* v. *Rockland Zoning Bd. of Appeals*, 351 Mass. 678 (1967). Justice Whittemore writing for the court acknowledges that failure to file the action or notify the town clerk within the statutory period has fatal consequences. But there is a different approach to the carrying out of the later steps of an action which has been timely commenced and timely recorded in the town clerk's office. In *McLaughlin* the plaintiff had failed to name as a defendant the original applicant for the variance which was the subject of the action and correspondingly the applicant had not been served in the prescribed time. When the applicant entered a special appearance and moved to dismiss, the plaintiff cross moved to add him as a defendant. The judge denied the motion to dismiss and allowed the late joinder with the corollary of late service. This was affirmed. "We conclude that the statute does not deprive the court of amending power in respect of timely appeals. . . . [T]he motion to add the applicant as a party was filed at such a time that no material delay in prosecuting the appeal should have resulted. We rule that the allowance of the motion was within the power and the wise discretion of the Superior Court." At 683.[9] As to the statutory state-

---

[8] And see *McLaughlin* v. *Rockland Zoning Bd. of Appeals*, 351 Mass. at 680; *Halko* v. *Board of Appeals of Billerica*, 349 Mass. at 467-468. See also note 11, *infra*, second paragraph.

[9] In *Halko* v. *Board of Appeals of Billerica, supra*, 349 Mass. at 488 n.1, the court through Justice Whittemore had indicated that, in appropriate cases of failures to comply with the statute, maintenance

ment of a purpose to "avoid delay," [10] Justice Whittemore remarked, "We think the Legislature, with an intent of expedition, did not intend to create a series of procedural barriers reminiscent of an earlier age of the law." At 682. The case of *Muldoon* v. *Board of Appeals of Watertown*, 351 Mass. 702 (1966), where on rather similar facts dismissal of the action had been affirmed, was distinguished, evidently on the ground that application was not made to the court for curative joinder, as had been promptly done in *McLaughlin*.

The *McLaughlin* case was followed in *Ladd* v. *Board of Appeal of Malden*, 352 Mass. 777 (1967), to permit late joinder of a member of the board. A statement in *Shaughnessy* v. *Board of Appeals of Lexington*, 357 Mass. 9 (1970), may cause momentary confusion. The opinion says, "We think that the giving of the required notice to all defendants including the members of the board of appeals within the prescribed time after the entry of the bill in equity is jurisdictional." At 13. "Jurisdiction" is used loosely here (as it has often been in this field of procedural regularity of appeals). Failure to serve a defendant on time may indeed result in dismissal of the action to review a board decision, e.g., when prejudice to the defendant is shown, and in this much qualified sense the defect may be thought of as "jurisdictional." But in fact the *Shaughnessy* case itself

---

of the action could be allowed on terms, citing *Cohen* v. *Board of Registration in Pharmacy*, 347 Mass. 96 (1964), which is also relied on in the *Schulte* case, *supra* at 80.

[10] Language about avoiding delay first appeared in an amendment of § 21 by St. 1960, c. 365: "To avoid delay in the proceedings, instead of the usual service of process on a bill in equity, the plaintiff shall within fourteen days after the filing of the bill in equity give written notice thereof, with a copy of the bill by delivery or certified mail to all respondents, including the members of the board of appeals . . . ." This wording continued until the amendment of § 21 by St. 1973, c. 1114, § 4, to conform to the new practice. See the quotation from § 21 in our text above.

allowed late joinder of a member of the board of appeals as a defendant, there being no prejudice. At 14.[11] In the following cases the *Shaughnessy* opinion was apparently understood to exemplify the amending power of the court: *Rose* v. *Commissioner of Pub. Health*, 361 Mass. 625, 634 (1972); *Carr* v. *Board of Appeals of Saugus*, 361 Mass. 361, 362 (1972); *Curcio* v. *Russo*, 3 Mass. App. Ct. 730 (1975);[c] *Cuzzi* v. *Board of Appeals of Medford*, 2 Mass. App. Ct. 887 (1974).

The proposition that such delay as occurred in the present case should not necessarily have fatal effects is reinforced by the fact that we deal here with a restatement of § 21 by St. 1973, c. 1114, § 4, designed to accommodate it to the introduction of the new rules of civil and appellate procedure. As pointed out in the *Schulte* case, *supra* at 81, it is consonant with the appellate rules, particularly Rule 3 (a),[12] that timely institution of an appeal should be held a condition sine qua non, while other steps in the carrying out of the appeal should be treated on a less rigid basis.[13]

---

[11] This effected the substitution of an associate member of the board, who had participated in the decision, for a member who had not.

The *Shaughnessy* case also held that failure to file the affidavit with the court in the prescribed time was not fatal, in the absence of a showing of prejudice, despite the statutory language then applicable: "If no such affidavit is filed within such time the bill shall be dismissed."

[c] 326 N.E.2d 30 (1975).

[12] "Failure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal." And see Rule 4.

[13] The Appeals Court held in the present case that the obligation to "deliver" the copy of the complaint and the summons to the sheriff for service was upon the plaintiff under Mass. R. Civ. P. 4 (a), 365 Mass. 733 (1974), so that the plaintiff was to be considered responsible for the delay in serving the defendants notwithstanding the mistake made by the postal service. Cf. *Hardy* v. *Utica Mut. Ins. Co. ante*,

The Appeals Court took the view that dismissal was called for as matter of law, and we surmise the judge of the Superior Court did the same, for it is highly unlikely on the facts that he would have dismissed in the exercise of discretion.   As we hold there was error in the dismissal as matter of law, and as no significant issue of discretion could be presented in the circumstances, we reverse the judgment of the Superior Court and order that the complaint be reinstated.[14]   See the *Schulte* case, *supra* at 83; *Opie* v. *Board of Appeals of Groton, supra* at 734.

*So ordered.*

_____

696 (1976).   Hence the court affirmed the dismissal.   In the view we take, the question whether the plaintiff was technically responsible is not crucial; the important point is that the defendants were not prejudiced.

[14] If thought necessary or desirable, the corporation may be reserved.   See note 5, *supra*.