## MASSACHUSETTS BREAD CO., INC.
v.
**Edward W. BRICE, Jr., et al.**
**Civil No. 81-19700**

Superior Court Department
Trial Court of the

Commonwealth of Massachusetts

**May 29, 1981**

### MEMORANDUM AND ORDER

This motion for summary judgment again tests the strictness Courts may

require for compliance with legislatively mandated time limits upon appeals from administrative decisions. Pursuant to G.L. c. 40A, sec. 17:

> Any person aggrieved by a decision of the board of appeals...may appeal to the superior court...by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk.

In the present case, there is no genuine dispute concerning any of the material facts. On February 4, 1981, the Board of Appeals of the City of Worcester conducted a public hearing upon an application for a comprehensive permit to build thirty-four units of low and moderate income housing for the elderly-handicapped in Worcester. Various individuals spoke in favor of the project and there is no recorded opposition.[1] On that same day, whether before or after the hearing is unclear, counsel for the plaintiff informed the Worcester City Clerk that, if the Board of Appeals granted the requested comprehensive permit, the plaintiff intended to appeal to the Superior Court. On February 19, 1981, another attorney retained by the plaintiff, sent two letters, certified mail return receipt requested, to the Board of Appeals and the Worcester License Board respectively. Each letter notified the addressee that counsel represented the President and Treasurer of the plaintiff (who, individually, was the owner of certain land abutting the project site) and requested "to be notified and receive a copy of the decision of the Board when the same has been recorded." On March 18, 1981, a record of the proceedings of the Board of Appeals was filed with the Worcester City Clerk. This record, signed by the members of the Board, lists in its left-hand margin an itemization of the proceedings involved. Specifically, it indicates with the word "FAVOR" the individual speaking in favor of the application for a permit, with

"OPPOSED" the fact that no one was listed in opposition, and goes on to set forth the Board's "FINDINGS" and "DECISION" under those headings respectively. On March 24, 1981, the plaintiff's President and its attorney received a document dated March 23, 1981 with the typewritten caption "BOARD OF APPEALS, CITY OF WORCESTER, MASSACHUSETTS" and bearing the title "COMPREHENSIVE PERMIT". This document is a verbatim copy of the findings and decision earlier filed by the Board with the City Clerk on March 18, 1981. This comprehensive permit concludes with the typewritten closing

Carl Gordon, Chairman
Zoning Board of Appeals

Believing that the document entitled "COMPREHENSIVE PERMIT" was the decision of the Board and that it had been recorded with the Clerk on the date it bore, viz. March 23, 1981, the plaintiff commenced its action in the Superior Court seventeen days thereafter, on April 9, 1981. In fact, this Court concludes that the original record of proceeding constitutes the "decision" as that term is used in G.L. c. 40A, sec. 17 and that, therefore, the commencement of the action in the Superior Court came two days late.

"(T)imely commencement of the action in the superior court (is) a condition of maintaining it. **Lane** v. **Selectmen of Great Barrington,** 352 Mass. 523, 526 (1967). **Opie** v. **Board of Appeals of Groton,** 349 Mass. 730, 732 (1965). **Halko** v. **Board of Appeals of Billerica,** 349 Mass. 465, 467, (1965). ... (This requirement) of the statute (is) policed in the strongest way". **Pierce** v. **Board of Appeals of Carver,** 369 Mass. 804, 808 (1976) (Kaplan, J.). The plaintiff argues, however, that, in the circumstances of this

---

[1] The plaintiff's brief asserts that it appeared at the hearing in opposition but there is no affidavit to this effect.

case, strict adherence to the statutory time limits ought not be required since the defendants appear not to have been prejudiced and the plaintiff was justified in relying upon the date which appeared on the document sent to it as the date of filing with the City Clerk. This Court agrees that the defendants have not been prejudiced but, in view of the controlling decisions, this is not material. The Court does not agree that the plaintiff was entitled to rely upon the document sent to it as establishing the date of filing with the City Clerk. Instead, the Court rules that the plaintiff relied upon the good offices of the City Clerk to inform it of the filing of the Board of Appeal decision at its peril. Instead, the plaintiff would have been better advised to inspect, on a daily basis, the actual filing with the City Clerk. Having failed to do so, it cannot now complain that the City Clerk failed to promptly notify it of the Board's action. In the present circumstances, prompt determination of zoning status is at the core of the statutory scheme. Certainty is promoted by strict adherence to the time limits established by the Legislature. The failure to commence the action challenging the Board's decision in the Superior Court within the twenty day time limit is fatal to the plaintiff's claim.

Summary judgment will enter for the defendants.

**William G. Young**
**Justice of the Superior Court**
**DATED: May 29, 1981**