Sabra, J.
This is an expedited appeal by the plaintiffs from a decision by the trial court allowing a motion to dismiss their complaint The plaintiffs, James Mason, Sandra Mason, Michael Skol and Claudia S. Serwer (hereinafter “plaintiffs”), claimed to be parties aggrieved by a decision of the Old King’s Highway Regional Historic District Commission hereinafter “Commission”) which allowed the inter-venors, John and Carol Cichy (hereinafter “Cichy’s”), to obtain a Certificate of Appropriateness for the construction of a new building at 102 Scargo Hill Road, Dennis, Massachusetts. The court allowed the motion to dismiss based on the failure of the plaintiffs to file notice of their appeal with the town clerk within the 20-day time limit established by the statute. We affirm.
*126 The story begins with a decision by the Town of Dennis Old long’s Highway Historic District Committee (hereinafter “Committee”) allowing a Certificate of Appropriateness to John and Carol Cichy for the construction of a new building located at 102 Scargo Hill Road, Dennis, Massachusetts. This occurred on November 4,1999. The plaintiffs are members of a group called the Scargo Homeowners Association but who individually filed an appeal of the Committee’s decision to the Old King’s Highway Regional Historic District Commission on or about November 18,1999. The gravamen of their appeal was that certain protective language for the development of the Scargo Lake area was not included in the Certificate of Appropriateness issued by the Committee.
After a hearing in December, the Commission rendered a decision that the plaintiffs were not direct abutters to the property in question and both dismissed the plaintiffs’ appeal and affirmed the Committee’s decision.[4] The Commission further filed its dedsion regarding 102 Scargo Road with the Town Clerk on January 6, 2000 in accordance with the law. The plaintiffs filed the instant complaint with the district court on January 26,2000 but did not file a copy of the complaint with the Town Clerk until March 3,2000.
At the core of this appeal is whether the failure to file the plaintiffs’ complaint with the Town Clerk within twenty days of the Commission filing its dedsion is fatal to the maintenance of this action. Specifically, the plaintiffs were required to file a copy of their complaint with the Town Clerk no later than January 26, 2000. The plaintiffs do not dispute the fact that Section 11 of Chapter 470 of the Acts of 1973 requires that notice of the complaint be filed with the Town Clerk of the Town of Dennis. Their argument on appeal, however, is that this court should construe the statutory procedural requirements in a manner that would have allowed the trial judge to exercise discretion in allowing the plaintiffs’ appeal of the Committee’s decision to go forward despite the procedural lapse. To that end, the plaintiffs urge us to interpret the 20-day filing requirement with the Town Clerk similar to the broader purposes encompassed by the statutory schemes concerning conservation commissions and historical commissions as opposed to basing it on the stricter jurisdictional construction of the zoning statutes. For the reasons which follow, we decline to do so.
The Old King’s Highway Regional Historic District Act provides in pertinent part that “[ajny person aggrieved by the action of the commission may, within twenty (20) days after notice of said decision has been filed with the town clerk of the affected town, appeal to the District Court having jurisdiction over the affected town and notice of such appeal shall be given to the town clerk so as to be received within such twenty (20) days.” Section 11 of Chapter 470 of the Acts of 1973, amended by St 1975, c. 298 and c. 845; St 1976, c. 273; St 1977, c. 38 and c. 503; St 1978, c. 436; St 1979, c. 631; St 1982, c. 338; and St 1994, c. 90. The clear import of this section is that the plaintiffs were required to give notice of their complaint to the Town Clerk of the Town of Dennis by January 26,2000.
The language of Section 11 is identical to the language in the zoning statutes regarding the time periods and procedural steps for judicial review. Although there appear to have been no appellate decisions on this precise issue under the Old King’s Highway Historic District Act, “[sjound principles of statutory con *127 struction dictate that interpretation of provisions having identical language be uniform.” Webster v. Board of Appeals of Reading, 349 Mass. 17, 19 (1965). Moreover, “[w]here statutes are parts of a general system relating to the same class of subjects, and rest upon the same reasons, they should be so construed, if possible, as to be uniform in their application, and in the results which they accomplish.” Sheldon v. Boston & A.R. Co., 172 Mass. 180 (1898).
Here, where the issues of land use and preservation are common themes of both the zoning laws and the historic district act, it is logical to presume, as the trial judge did, that the Legislature had in mind the existing judicial interpretation of zoning appeal requirements when it chose virtually identical language for appeals taken under the Old Ring’s Highway Historic District Act Precedence for this approach exists where the courts have read the statutory scheme of a specific historic district in light of the “more general statutes providing for zoning, G.L.c. 40A, and for historic districts, G.L.c. 40C.” Gumley v. Board of Selectmen of Nantucket, 371 Mass. 718, 719 (1977) (where language of section of Historic Nantucket District Act was substantMly identical to zoning enabling act relative to standard of review).
In zoning appeals, the requirement of giving notice to the town clerk within twenty (20) days is a jurisdictional requirement such that failure to do so generally mandates dismissal. Pierce v. Board of Appeals of Carver, 369 Mass. 804, 809 (1976); Garfield v. Board of Appeals of Rockport, 356 Mass. 37 (1969); Lincoln v. Board of Appeals of Framingham, 346 Mass. 418 (19); McLaughlin v. Rockland Zoning Bd. of Appeals, 351 Mass. 678 (19); Bjornlund v. Zoning Bd. of Appeals of Marshfield, 353 Mass. 757 (19). The purpose of this requirement is to give interested persons “at least constructive notice of the appeal.” Carey v. Planning Bd. of Revere, 335 Mass. 740, 745 (1957) citing McLaughlin v. Rockland Zoning Bd. of Appeals, supra at 680. As a jurisdictional matter, the notice requirement has been “policed in the strongest way,” Pierce v. Board of Appeals of Carver, 369 Mass. 804, 808 (1976), and been given “strict enforcement,” O’Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986). See also Konover Management Corp. v. Planning Board of Auburn, 32 Mass. App. Ct. 319 (1992).
The plaintiffs point to several cases which, they argue, indicate that some lapses with respect to the procedures for appeal “should be treated on a less rigid basis.” Pierce v. Board of Appeals of Carver, 369 Mass. at 811, citing Schulte v. Director of the Div. of Employment Security, 369 Mass. 74, 81 (1975). Citing the Schulte case in particular, the plaintiffs contend that the filing of notice to the town clerk 54 days[5] after the Commission decision was filed, rather than the twenty days required under the statute, should not be viewed as a “serious misstep” but as an “innocuous one,” which would allow the judge “to consider how far they have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice.” Schulte at 79-80. The problem with the plaintiffs’ argument, and the reason it must fail, is because it ignores the fact that actual notice to the town clerk is a condition precedent to maintaining the appeal. As stated in Konover Management Corp. v. Planning Board of Auburn, 32 Mass. App. Ct. 319, 324-325 (1992), “[t]he key element of these decisions relaxing the rigors of strict compliance with the zoning appeal statute is that within the mandatory twenty-day period the clerk is actually notified that an appeal — i.e., a complaint — has in fact been timely filed.” No such showing has been *128 made on the record in this appeal.[6] Therefore, the assertion that the court can only dismiss upon a showing of prejudice is without merit
We need not address the issue of whether the plaintiffs are “aggrieved parties” within the meaning of the statute since we hold that they have not met the jurisdictional requirement of notice to the town clerk within the twenty-day period in order to proceed with their appeal Accordingly, the appeal is dismissed.

 The plaintiffs’ complaint alleges that the hearing was held on December 7, 1999, and that the Notice for the hearing was deficient in that it was postmarked on December 3, 1999 and not received until the day of the hearing, which violated the Commission’s procedural rules requiring seven days notice. We need not address this precise point since it is not pertinent to this appeal which centers on the 20-day filing requirement of the plaintiffs’ complaint with the Town Clerk in accordance with Section 11 of St 1973, c. 470, as amended.

 Assuming that a timely filed notice would have been made on or before January 26, 2000, the March 3, 2000 filing of the notice by the plaintiffs would be 36 days late, or 56 days after the filing of the Commission decision with the town clerk on January 6, 2000. It is unclear how both the plaintiffs and the defendant arrived at “54 days.”

 The fact of actual notice to the town clerk is absent from the record, although, in their brief, the plaintiffs make reference to their “belief” that the town clerk had notice because the plaintiffs had informed members of the Town of Dennis Historic Commission on or about November 4,1999, that they intended to appeal the decision all the way to the court This court notes that their “belief” that their intentions to appeal were well known at the town hall is insufficient to prove notice under the statute, and, in any event were communicated prior to the Commission decision being filed with the town clerk on January 6,2000. We decline to take cognizance of an intent to appeal prior to the decision being rendered. In addition, this is analogous to County of Norfolk v. Zoning Bd. of Appeals of Walpole, 16 Mass. App. Ct. 930 (1983), where telephoning the clerk within the twenly-day period to express an intent to appeal the board’s decision was found to be insufficient