ALVIRA M. CURCIO *vs.* CHARLES RUSSO & others. April 3, 1975. These are appeals from an interlocutory decree denying the plaintiff's motion to amend her bill in equity to annul a decision of the board of appeals of Revere (board), which granted a variance to Charles Russo and a corporation, and from a final decree dismissing the bill. The bill named Russo, the corporation and the board as parties respondent but failed to name "all the members of the board" as required by G. L. c. 40A, § 21, as amended through St. 1972, c. 334. The record gives no indication that the affidavit of notice required by § 21 was filed with the clerk of the Superior Court or that the necessary notice under § 21 was given to any of the defendants. Russo appeared specially and filed motions to dismiss claiming that he had not been given notice and that no affidavit had been filed. No action was taken on either motion. The judge denied the plaintiff's motion to amend her bill by adding the names and addresses of the members of the board and allowed the board's motion for a final decree dismissing the bill based upon the plaintiff's failure to name therein the members of the board with their addresses. While failure to file the affidavit required by § 21 does not amount to a jurisdictional defect, failure to give notice to all of the defendants does. *Shaughnessy* v. *Board of Appeals of Lexington,* 357 Mass. 9, 13 (1970). Inasmuch as it may be inferred from this record that the judge denied the plaintiff's motion to amend in the exercise of his discretion, no question of law is presented (contrast *Cuzzi* v. *Board of Appeals of Medford,* 2 Mass. App. Ct. 887 [1974]) and, in light of the plaintiff's failure to file the necessary affidavit (see *Muldoon* v. *Board of Appeals of Watertown,* 351 Mass. 702 [1966]) or to

have sought leave to file such an affidavit late (see *Bearce* v. *Zoning Bd. of Appeals of Brockton,* 351 Mass. 316, 320-321 [1966] and *Mc-Laughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 683 [1967]), we perceive no abuse of discretion.

*Decrees affirmed.*

*Frederick T. Golder* for the plaintiff.