*Thomas M. Neville* for James R. Zola & others.

*E. Seavey Bowdoin* for John F. Lombard.

ROSE MELE *vs.* ZONING BOARD OF APPEALS OF MILFORD & another. February 24, 1977. On October 11, 1974, the plaintiff appealed to the Superior Court from a decision of the zoning board of appeals (board) granting a variance to the defendant Savino N. Mele (Savino). On October 29, 1974, the plaintiff's counsel filed an affidavit of compliance with the clerk of the Superior Court pursuant to G. L. c. 40A, § 21, as amended by St. 1973, c. 1114, § 4. His affidavit stated that he had given written notice of the appeal, accompanied by a copy of the complaint, by certified mail return receipt requested to Savino and to the other defendants, members of the board. The plaintiff's counsel re-

ceived return receipts from seven of the eight defendants, and he sent a second copy of the notice by ordinary mail to the remaining defendant. The defendants moved to dismiss the appeal alleging that they had not been served with process within fourteen days of the filing of the complaint as then required by § 21.[1] The plaintiff has appealed from the judge's allowance of the defendants' motions to dismiss. "Whatever the law may have been at the time the judge rendered his decision (see *Pierce* v. *Board of Appeals of Carver,* 3 Mass. App. Ct. 352 [1975]), it is now clear that the proceedings should not have been dismissed without inquiry as to whether any of the defendants might have been prejudiced in some way by the irregular manner of notification." *City Council of Waltham* v. *Board of Appeals of Waltham, ante,* 773, 774 (1977), citing *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 807-812 (1976). In *City Council of Waltham, supra,* and in *Pierce,* 369 Mass. 804, 807-812 (1976), the complaints were ordered reinstated on appeal from their dismissals in the Superior Court. But in those cases, contrary to that now before us, it was undisputed that the defendants had received actual notice of the entry of the complaints in the Superior Court. In the instant case the judgment is reversed and the case is remanded to the Superior Court to determine whether the defendants received notice and, if so, whether they were prejudiced by the manner of notification. If it is found upon remand that notice was received and that the defendants were not so prejudiced, the complaint is to be reinstated.

*So ordered.*

*C. A. Peairs (Pacifico M. DeCapua* with him) for the plaintiff.

*Warren S. Heller & Edward P. Doherty,* Town Counsel, for the defendants, submitted a brief.


---

[1] General Laws c. 40A was thereafter further amended to permit service by certified mail. G. L. c. 40A, § 17, as appearing in St. 1975, c. 808, § 3.