PETER GAILLARD & another *vs.* BOARD OF APPEALS OF LEXINGTON & another. January 26, 1978. The parties agreed at oral argument that the governing statute in this matter is G. L. c. 40A, § 21, as in effect prior to St. 1975, c. 808, § 3. We assume, without deciding, the correctness of their view, and conclude that it was error to dismiss the complaint because it was apparent from the face of the complaint that the plaintiffs might be entitled to some relief. Mass.R.Civ.P. 8(a), 365 Mass. 749 (1974). See *Charbonnier* v. *Amico,* 367 Mass. 146, 152-153 (1975). Moreover, as there was no need in the circumstances to plead the statute relied on, it was not fatal for the plaintiffs to cite a version of G. L. c. 40A, § 21, which the parties now agree was inapplicable. Cf. *Springfield* v. *Commonwealth,* 349 Mass. 267, 270 (1965). Accordingly, the judgment appealed from is reversed, and the plaintiffs are granted leave to file an amended complaint in the Superior Court within forty days of the date of the rescript. The defendants may then move or answer according to the rules.

*So ordered.*

*Charles J. Murray* for Everett J. Tingley.
*Barry D. Ziff (Saul M. Ostroff* with him) for the plaintiffs.