JOHN J. TWOMEY & others[1] *vs.* BOARD OF APPEALS OF
MEDFORD & another.[2]

Middlesex. March 9, 1979. — June 15, 1979.

Present: HALE, C.J., GRANT, & PERRETTA, JJ.

*Practice, Civil,* Zoning appeal, Motion to dismiss. *Pleading, Civil,* Complaint. *Notice. Jurisdiction,* Zoning. *Zoning,* Election of remedies.

Rule 8 (a) of the Massachusetts Rules of Civil Procedure does not require that a complaint state the basis for the court's jurisdiction, and thus the fact that a complaint contained an inaccurate statement of the statutory basis for jurisdiction was not fatal to the action. [772-773]

Plaintiffs' failure to comply with the service and affidavit provisions of G. L. c. 40A, § 17, did not require dismissal of an action for judicial review of decisions by a municipal board of appeals, where timely constructive notice had been given by service on the city clerk, actual though not timely notice had been given to all board members, and no prejudice was alleged or demonstrated by any party. [773-774]

Where several grounds were urged in support of a motion to dismiss an action in the Superior Court for review of decisions by a municipal board of appeals, this court inferred that the judge's basis for the dismissal was the moving party's contention that the plaintiffs could litigate the same issues by intervening in a separate action then pending in the Land Court, rather than the plaintiffs' failure to comply with the service and affidavit provisions of G. L. c. 40A, § 17. [774-775]

It was error for a judge in the Superior Court, in exercising his discretion to allow a motion to dismiss an action by abutters and neighbors of land of an educational institution for judicial review of

---

[1] Stephen Vercollone, Harry Porter and Jeanette Murphy, as they are members of the Citizens For Neighborhood Preservation, an unincorporated association of abutters and neighbors of land which is located in Medford and owned by Tufts College.

[2] Trustees of Tufts College.

decisions by a municipal board of appeals granting the institution zoning variances and a special permit, to consider whether the plaintiffs could litigate the same issues by intervening in a separate action previously commenced by the institution in the Land Court seeking a determination of the validity and the applicability to it of the city's zoning ordinance. [775-776]

CIVIL ACTION commenced in the Superior Court on May 24, 1978.

The case was heard by *Mitchell*, J., on a motion to dismiss.

*David J. Fried* for the plaintiffs.

*William M. Baker* for Trustees of Tufts College (*Daniel F. Riley*, City Solicitor, for the Board of Appeals of Medford, with him).

PERRETTA, J. The defendant Trustees of Tufts College (Tufts) petitioned the defendant board of appeals of Medford (board) for zoning variances and a special permit which would enable Tufts to build dormitories to house three hundred students on a vacant portion of its campus located in Medford. Simultaneously with its petitions to the board, Tufts filed a petition for declaratory relief in the Land Court, pursuant to G. L. c. 240, § 14A, and G. L. c. 231A, § 1, seeking a determination of the validity and applicability to it of certain provisions of the Medford zoning ordinance.[3] On March 29, 1978, the board held a hearing on Tufts' petitions, and the meeting, described as "tumultuous," was attended by about five hundred residents who expressed their opposition to Tufts' petitions. The board granted the variance and special permit and filed its decision with the city clerk on May 5, 1978. On May 24, 1978, the plaintiffs commenced this action seeking review of that decision in the Superior Court and on that same day served the city clerk in hand with a copy of the complaint and sent copies by certified mail to the board chairman and Tufts' president. A "certificate of

[3] Tufts maintains that as an educational institution its use of the land for educational purposes is exempt from zoning regulation. G. L. c. 40A, § 3, as appearing in St. 1975, c. 808, § 3.

service" reciting these facts was attached to the complaint. Three weeks later, on June 14 and 16, the plaintiffs again served the chairman[4] and president, respectively, this time by a deputy sheriff. On June 20 the plaintiffs sent copies of their complaint by certified mail to the three remaining board members. No affidavit of service as to those board members was filed.[5]

Tufts did not answer the complaint but instead filed a motion to dismiss, asserting (1) that the complaint recited the wrong jurisdictional basis for the action, (2) that the plaintiffs had neither timely served the board nor filed an affidavit of notice as required by G. L. c. 40A, § 17, as in effect prior to St. 1978, c. 478, § 32, and (3) that the plaintiffs would not be prejudiced by a dismissal because they could intervene in the action pending in the Land Court. The board had previously filed an answer, and neither then nor at any time thereafter did it raise any of the procedural defects asserted by Tufts. The judge allowed the motion to dismiss and entered a judgment for Tufts which was subsequently amended to include judgment for all the defendants.[6] We reverse the judgment.

Tufts' first point, that the plaintiffs erroneously cited G. L. c. 41, § 81BB, as the jurisdictional basis of their action instead of G. L. c. 40A, § 17, is not decisive. While the former provision deals with appeals under the Subdivision Control Law, the substantive allegations of the complaint clearly and specifically establish that the ap-

---

[4] The "certificate of service" and the sheriff's return on the summons indicate that the plaintiffs were of the mistaken belief, at that time, that service upon the chairman was sufficient service on the board.

[5] The record appendix contains an affidavit of such service, but the docket entries do not indicate it was filed.

[6] Tufts' motion relied on service defects as to the board; the board here argues the propriety of the dismissal. Because the judgment was amended to include all defendants and because of our decision in this case, we do not pass upon the propriety of the board's asserting on appeal that which it never raised in the Superior Court.

peal was taken to annul the board's granting of the variances and permit and was a proper appeal under G. L. c. 40A. Unlike the cognate provisions of Fed.R.Civ.P. 8 (a) (1), our rule, Mass.R.Civ.P. 8 (a), 365 Mass. 749, (1974), does not require that a pleading recite the basis of the court's jurisdiction, although it is good practice to do so. The fact that the plaintiffs did purport to recite a basis for jurisdiction is of no consequence. This discrepancy is, at best, a minimal type of defect which never has been fatal to an action (*Springfield* v. *Commonwealth,* 349 Mass. 267, 270 [1965]; *Charbonnier* v. *Amico,* 367 Mass. 146, 152-153 [1975]; *Gaillard* v. *Board of Appeals of Lexington,* 6 Mass. App. Ct. 834 [1978]), and, if regarded as significant, which we doubt, it could have been cured by an amendment. Mass.R.Civ.P. 15 (a), 365 Mass. 761 (1974). See also *Evans Prod. Co.* v. *D.J. Dev. Corp.,* 6 Mass. App. Ct. 306, 309 (1978).

The main issue raised by Tufts' motion was the plaintiffs' failure to comply with the service and affidavit provisions of G. L. c. 40A, § 17, in that they did not timely serve all the board members or file an affidavit of service. In reviewing the dismissal on the basis of such defects, we are guided by *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804 (1976), where it was held that not all errors in the procedures of such actions require dismissal, citing *Schulte* v. *Director of the Div. of Employment Security,* 369 Mass. 74, 79-80 (1975).

When the plaintiffs served the city clerk in hand with a copy of the complaint, they "furnish[ed] 'constructive' notice to interested persons that the decision of the board of appeals ha[d] been challenged and [might] be overturned." *Pierce, supra* at 808. Cf. *Costello* v. *Board of Appeals of Lexington,* 3 Mass. App. Ct. 441, 442-443 (1975) (failure to comply with this requirement was fatal to the appeal). Actual notice to all of the board members was given,[7] although it was not timely. In such a situation,

---

[7] One board member failed to sign for his certified letter containing

Twomey *v.* Board of Appeals of Medford.

"the indicated course has been, at most, to leave the sanction to the discretion of the judge rather than mechanically to destroy the action." *Pierce, supra* at 809. The key issue in this regard is whether the defendants were prejudiced (*Pierce, supra* at 811-812 n.13), and in the absence of prejudice a dismissal of the complaint is not required. *Raia* v. *Board of Appeals of No. Reading,* 4 Mass. App. Ct. 318, 321 (1976). *City Council of Waltham* v. *Board of Appeals of Waltham,* 5 Mass. App. Ct. 773 (1977). *Mele* v. *Zoning Bd. of Appeals of Milford,* 5 Mass. App. Ct. 779 (1977). Neither Tufts nor the board alleged or demonstrated prejudice arising out of the manner in which either had received notification.[8] For this reason the plaintiffs' failure to file the affidavit of notice is not fatal. *Shaughnessy* v. *Board of Appeals of Lexington,* 357 Mass. 9, 14 (1970).

Although none of these procedural defects requires a dismissal as matter of law, Tufts argues that we should not upset the judgment because the judge did not abuse his discretion, citing *Curcio* v. *Russo,* 3 Mass. App. Ct. 730 (1975). However, there the plaintiff sought to amend her complaint to name all the board members as defendants. In affirming the denial of the motion to amend, we pointed out that the record failed to disclose that *any* of the defendant board members had ever been given notice, timely or otherwise. The present record is silent as to the reasons for allowing the motion, but we note that, unlike *Curcio,* here all the board members actually received notice and one board member and Tufts received timely notice. Therefore, we infer from this record that the basis

---

the notice. We regard him as having actual notice. Cf. *Consent to Adoption of a Minor,* 363 Mass. 537, 543 (1973).

[8] At oral argument Tufts brought to our attention the fact that a loan commitment for the construction of the dormitories was in danger without a speedy resolution of this controversy. There is nothing in the record before us to indicate that this point had been brought to the attention of the judge and thus it cannot have been the basis of a finding by him of prejudice.

of the dismissal could not have been the existence of the nonprejudicial defects; rather, it was Tufts' insistence that the plaintiffs could fully litigate the identical issues raised in this action by intervening in the Land Court action previously commenced by Tufts. Such was not a proper basis for the dismissal.

The action in the Land Court was brought under G. L. c. 240, § 14A, as amended through St. 1977, c. 829, § 14, and under G. L. c. 231A, § 1, for the purpose of determining whether Tufts' use of its land is exempt from the Medford zoning ordinance under G. L. c. 40A, § 3,[9] as a use for an educational purpose. The sole issues raised by Tufts in the Land Court are the validity and the extent of the applicability of the zoning ordinance. See *Pitman* v. *Medford*, 312 Mass. 618, 620-621 (1942); *Addison-Wesley Publishing Co.* v. *Reading*, 354 Mass. 181, 185 (1968); *Harrison* v. *Braintree*, 355 Mass. 651, 654 (1969). On the other hand, the plaintiffs asserted in their § 17 complaint that the board had acted arbitrarily and exceeded its authority by not holding separate hearings on the requests for the variances and the permit, that some of the board members were disqualified due to alleged conflicts of interest, and that the board had not made findings sufficient to support its decision. While the parties have argued the question whether the Land Court had jurisdiction to hear the plaintiffs' allegations under G. L. c. 40A, § 17, as in effect prior to St. 1978, c. 478, § 32, or under G. L. c. 240, § 14A, G. L. c. 185, § 1(j ½), and G. L. c. 231A,[10] that question is of no relevance in determining

[9] Because the only question before us is the propriety of the dismissal of the plaintiffs' § 17 action, it is unnecessary to determine whether § 2, as amended through St. 1959, c. 607, § 1, or its successor § 3, as appearing in St. 1975, c. 808, § 3, controls the exemption issue in the Land Court.

[10] Because we need not reach this jurisdictional issue, we point out only in passing that G. L. c. 231A, § 9, inserted by St. 1945, c. 582, § 1, is explicit on the point that "[n]othing in this chapter shall be held to affect the jurisdiction of the land court."

the correctness of the allowance of Tufts' motion. Even assuming the Land Court had jurisdiction over the issues raised by the plaintiffs, they cannot be deprived of their statutory right to seek review in the Superior Court by virtue of the existence of possible alternative remedies, cf. *Sisters of the Holy Cross* v. *Brookline,* 347 Mass. 486, 498-499 (1964), and the trial judge, in exercising his discretion, could not look to whether other unexercised remedies existed for the plaintiffs.[11]

Because (1) it was error to look to the Land Court action as a remedy for the plaintiffs, (2) "[t]here is nothing in the record even faintly suggestive of any . . . prejudice" to the defendants due to the plaintiffs' failure to comply with some aspects of § 17, *City Council of Waltham, supra,* and (3) "it is highly unlikely on the facts that [the judge] would have dismissed in the exercise of discretion" due to any such failure, *Pierce, supra* at 812, the judgment of the Superior Court is reversed and the complaint is to be reinstated.

*So ordered.*

[11] Massachusetts Rule of Civil Procedure 12 (b) (9), 365 Mass. 755 (1974), allows a dismissal on the ground of the "pendency of a prior action in a court of the Commonwealth." However, that rule is not here applicable because at the time of the dismissal there was no action pending which raised these issues or involved the plaintiffs. They did not seek to intervene in the Land Court action until after their § 17 complaint had been dismissed with prejudice. Further, by the Superior Court action the plaintiffs were exercising their absolute right of review, and they were not attempting to subject Tufts to harassment by multiple lawsuits. Cf. *Stahler* v. *Sevinor,* 324 Mass. 18, 23 (1949). Additionally, Tufts was not urging rule 12 (b) (9) as a basis for dismissal; rather, it was relying upon the pendency of the Land Court action, which it had commenced, to bolster its argument that the neighbors would not be prejudiced by a dismissal of the § 17 complaint on the basis of the service and notice defects.