Tiffany, I.
This is an action pursuant to G. L. c. 40A, § 17 for judicial review of a decision rendered by the Town of Concord Board of Appeals.
The sole issue before this Division is the propriety of the trial court’s allowance of the defendant’s motion to dismiss.
*78 The facts, which do not appear to be in dispute, reveal the following dates critical to the matter sub judice:
Board of Appeals Review Filed in Town Clerk’s Office July 2, 1979
Complaint Filed in District Court July 19, 1979
Notice of Complaint and Copy Filed in Town Clerk’s Office August, 1979
The statutory requirement to perfect an appeal as set forth in G. L. c. 40A, § 17 is as follows:
Any person aggrieved by a decision of the Board of Appeals or any special permit granting authority.. .may appeal... .to the division of the district court department within whose jurisdiction the land is situated...by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk.. .Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days.
The pertinent aspect of the statute is the filing of the copy and notice to the town clerk within the twenty day period. In the case at bar, the plaintiffs August 1, 1979 notice to the Concord Town Clerk was clearly untimely as not submitted within twenty days of the filing of the Board of Appeals Decision in the Town Clerk’s Office.
It is now well established that non-compliance with the mandatory § 17 provision for giving seasonable notice to the city or town clerk constitutes a jurisdictional defect which requires dismissal of a G. L. c. 40A, § 17 appeal. Garfield v. Board of Appeals of Rockport, 356 Mass. 37(1969); Maria v. Board of Appeals of Lowell, 348 Mass. 798(1965).
There was no error in the trial court’s allowance of the defendant’s motion to dismiss, Nightingale v. Board of Appeals of Methuen[2]
The plaintiff’s reliance on Mele v. Zoning Board of Appeals of Milford, 5 Mass. App. Ct. 779(1977) and City Council of Waltham v. Board of Appeals of Waltham, 5 Mass. App. Ct. 773(1977) as authority for a recent judicial attenuation of G. L. c. 40A, § 17’s mandatory application of jurisdictional notice provisions is misplaced. These decisions do not address the consequences of an unseasonable notice to a city or town clerk in violation of § 17, but are expressly directed to the application of the “possible prejudice” test propounded by the Supreme Judicial Court in Pierce v. Board of Appeals of Carver, 369 Mass. 804(1976) as an alternative to automatic dismissals of G. L. c. 40A petitions on the basis of irregularities attending notification of defendants.
The Pierce court clearly distinguished the jurisdictional notice to the town clerk from other § 17 notice requirements. Specifically, the court stated at pp. 808-809:
(t)imely commencement of the action in the Superior Court was a condition of maintaining it.... It has also been held a condition that notice of the commencement of the Superior Court action be timely filed (within the same twenty days from the filing of the decision of the Board of Appeals) with the town or city clerk....
Finally, it is clear that the Appeals Court has specifically held that the Pierce decision has not impaired the general rule in Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441(1975) to the effect that a twenty day notice to the town clerk is a prerequisite to an appeal under § 17.
In accordance with the unambiguous provisions of G. L. c. 40A, § 17, the plaintiff’s failure to file a seasonable notice with the town clerk is deemed a fatal non-compliance *79 with the statute.
There being no error in the trial court’s allowance of the motion to dismiss, the report is dismissed.

So ordered.

 Mass. App. ct. Adv. Sheets 1979(528).