Gershengorn, J.
INTRODUCTION
This matter comes before the court on defendant’s motion to dismiss. Plaintiffs, Julio and Hazel Camacho, are seeking monetary damages and injunctive relief as a result of defendant’s operation of a dog *491 kennel across the street from plaintiffs’ home. For the reasons set forth below, defendant’s motion is ALLOWED in part and DENIED in part.
BACKGROUND
Plaintiffs live at 11 Auburn Avenue in Somerville, Massachusetts in a residentially zoned area. They are husband and wife. Across the street from plaintiffs, defendant operates Pet Companions, Inc., a dog kennel which boards and cares for up to 20 dogs each day. Pet Companions is run from defendant’s home at 14 Auburn Avenue situated approximately 25 feet from the plaintiffs’ front porch.
Plaintiffs claim they have been consistently affected by the noise, odor and increased traffic allegedly resulting from defendant’s operation of the kennel. Plaintiffs also claim they have suffered physical injury due to defendant’s business operations.
From 1991 to the present, defendant has applied on a number of occasions to the town of Somerville for permission to operate her kennel in a residential zone. The town has denied defendant’s requests on each occasion.
On February 9, 1995 and March 19, 1995, criminal complaints were issued against defendant by the city of Somerville for her continued violations of the Som-erville Zoning Ordinance.
Plaintiffs have allegedly suffered personal injuries as a consequence of the kennel being operated across the street from their home. The suit was initiated by plaintiffs in nuisance, negligence, intentional and negligent infliction of emotional distress and 93A for recovery for their injuries and injunctive relief.
DISCUSSION
In evaluating a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations of the complaint, as well as any inference which can be drawn therefrom in plaintiffs favor. Eyal v. Helen Broadcasting Corp, 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle plaintiff to relief. Nadar v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A complaint “is to be construed so as to do substantial justice ...” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
For the following reasons, defendant’s motion to dismiss is allowed as to Counts II and VII.
In Count II, plaintiffs claim that under G.L.c. 243, §1 they are entitled to have the nuisance abated. This statute provides not a cause of action, but a remedy available to plaintiffs if they prevail on a claim of nuisance. For this reason, it is appropriate that Count II of the complaint be dismissed.
In Count VII, plaintiffs move under G.L.c. 93A to enjoin defendant from maintaining the kennel with its attendant alleged unfair business practices. Chapter 93A is a consumer protection statute, and its use in this manner is inappropriate. Chapter 93A has consistently been applied to parties to a transaction engaged in trade or commerce. Nei v. Burley, 388 Mass. 307, 317 (1983) (emphasis added). As the District Court for the District of Massachusetts noted, “the common thread [in 93A] is protection against unfair acts and practices in transactions.” Cash Energy v. Weiner, 768 F.Supp. 892, 894 (D. Mass. 1991) (rejecting plaintiffs claim under 93A based on the failure of a neighboring business which stored chemicals failure to notify plaintiff of the contamination of his property).
Plaintiffs in the instant case have not identified any transaction that has occurred between them and the defendants. The fact that the parties are neighbors does not support a 93A claim. For this reason, Chapter 93A is inapplicable, and it is appropriate that Count VII be dismissed.
As to the remaining counts of the complaint, the motion to dismiss is denied.
In Count III, plaintiffs have pled under G.L.c. Ill, §144. Plaintiffs admit the statutory section under which they pled was a typographical error, and the correct section was 143. Section 143 is the statutory cause of action for nuisance resulting from a trade or employment. This section goes on to state that a noisome trade or employment may be established if so assigned by the Board of Health. Section 144 pertains to the revocation of any such assignment by the Board of Health.
Where there are no allegations of unfair surprise or prejudice, an action should not be dismissed because of a technical defect. Lancaster v. General Accident Insurance Co. of America, 32 Mass.App.Ct. 925, 926 (1992). Moreover, where plaintiffs may be entitled to some relief, a complaint should not be dismissed, even when plaintiffs cite to a version of a statute that is inapplicable. Gaillard v. Board of Appeals of Lexington, 6 Mass.App.Ct. 834 (1978) (rescript).
In the complaint, plaintiffs, under Count III have clearly alleged that defendant’s use of the business operations at 14 Auburn Avenue by Pet Companions has resulted in injurious noise and odors interfering with plaintiffs’ use and enjoyment of their home. Even though plaintiffs failed to state the correct statute in their pleading, defendant was on notice as to what was being alleged, and is not prejudiced by the defect in the pleading. Because a complaint is to be construed to do “substantial justice” to plaintiffs, and they have alleged a set of facts upon which relief can be granted, defendant’s motion to dismiss is denied as to Count III.
The motion is also denied as to Count IV, negligence. Where all inferences must be drawn in *492 plaintiffs favor, plaintiffs have pled facts sufficient to support a claim of negligence. Eyal v. Helen Broadcasting Corp, 411 Mass. 426, 429 (1991).
The motion is also denied as to Counts V and VI, negligent and intentional infliction of emotional distress. Emotional distress is a proper theory of recovery when the alleged harm is caused by nuisance. Harrison v. Textron, 367 Mass. 540, 556 n. 13 (1975). Plaintiffs have sufficiently pled the required elements to support each cause of action.
ORDER
For the reasons set forth above, defendant’s motion to dismiss is ALLOWED as to Counts II and VII. As to the remaining Counts, III, IV, V and VI, the motion is DENIED.