MATTHE CROTEAU *vs.* PLANNING BOARD OF HOPKINTON. No. 94-P-1431. April 19, 1996. *Planning Board. Subdivision Control,* Decision of planning board. *Zoning,* Special permit, Cluster development, By-law.

After her application for a special permit to build a cluster development under the town's open space by-law was denied by the planning board, the plaintiff appealed pursuant to G. L. c. 40A, § 17. The board's decision rested on two grounds: (1) traffic concerns had not been adequately addressed by the plaintiff, and (2) the plaintiff's plan did not conform with the purpose of the open space by-law. After an evidentiary hearing, a judge of the Land Court concluded that the board's rejection on the ground of traffic concerns was unreasonable and that the board's decision as to its

second ground neither adequately stated the intent of the open space by-law nor set forth how the plan failed to conform to that intent. Accordingly, he remanded the matter to the board to explain how the plan did not comply with the intent of the by-law.

The board filed an amended decision setting forth its reasons. Finding that the "Board has failed to present any factual evidence to show that the Plan does not conform with the intent of the Open Space By-Law," the judge ruled that "the Board exceeded its authority in denying [the] application for a special permit . . . ." A judgment entered declaring the board's decision null and void and ordering "that a special permit pursuant to the provisions of the Open Space By-Law is hereby granted to the Plaintiff." We reverse.

The parcel at issue consists of approximately twenty-two acres which the plaintiff proposed to subdivide into eleven lots under the open space by-law. That by-law permits the planning board to issue special permits for cluster development. Minimum lot sizes and dimensional requirements may be reduced "if the Planning Board finds that such reduction will result in better design, improved protection of natural and scenic resources, and will otherwise comply with the[ ] regulations . . . ."

The stated purpose of the by-law is

> "to provide for the public interest by the preservation of open space and natural landscape features in perpetuity, and to promote variety in single family residential housing patterns, by encouraging development which is designed to accommodate a site's physical characteristics such as: topography, vegetation, water bodies, wetlands, open spaces such as farmlands and meadows, major scenic views and wildlife habitats . . . ."

On remand, the planning board explained that it had supported the approval of the by-law with "the intent that the bylaw would enable the Board to reduce minimum lot sizes and other dimensional requirements for building lots, in return for which applicants would be required to provide open space of value to the general public in perpetuity." The board listed the factors relevant to a determination that an open space subdivision plan should be permitted:

> "1. provision of open space in the public interest;
> "2. preservation of significant natural features;
> "3. minimized site disturbance, including soil removal and tree cutting; and
> "4. accommodating the site's physical characteristics."

The board concluded that the open space created by the plaintiff's plan would not provide a public benefit worthy of protection. In those cases where it had issued special permits, the open space either provided a link to other open space, provided scenic views, protected significant natural features, or provided a direct public benefit, such as conveying land to the town for school or other public purposes.

At the hearing before the Land Court judge there was testimony that the open space in the plan did not provide a link to other open spaces, did not provide scenic views, and did not have significant natural features. There was also evidence that construction of individual sewage disposal systems on some of the lots (at least three) would require significant regrading and would change the topography of the land. The board also noted that much of the open space was wetland, which would, in any event, be protected by wetland regulations and was by its nature inaccessible to the public.

That the planning board did not produce evidence of each of the factual claims contained in its supplemental decision (e.g., history of flooding) does not warrant the judge's conclusion. The board's determination that the plan did not provide open space beneficial to the public and that the conventional zoning requirements should apply was a sufficient and valid reason to sustain its decision. See *Subaru of New England, Inc.* v. *Board of Appeals of Canton*, 8 Mass. App. Ct. 483, 488 n.7 (1979). The determination of public benefit involves a "considerable area of discretion" and it is "the board's evaluation . . . , not the judge's, which is controlling." *Id.* at 487-488.

Although the judge, citing *MacGibbon* v. *Board of Appeals of Duxbury*, 356 Mass. 635, 639 (1970), and *Subaru of New England, Inc.*, *supra* at 486, recognized that the board's decision must be affirmed unless it is found to rest on a legally untenable ground or is unreasonable, arbitrary, whimsical, or capricious, see also *Harris* v. *Old King's Highway Regional Historic Dist. Commn.*, 421 Mass 612, 615-616 (1996), he should also have realized that evidence presented at the hearing indicated noncompliance with the criteria for open space subdivisions set forth by the board in its amended decision. Because the board provided a rational basis for denying the permit, its decision should have been affirmed. The judgment is reversed, and a new judgment is to be entered stating that the July 16, 1992, decision of the planning board did not exceed its authority.

*So ordered.*

*Laurence A. Faiman* for the defendant.
*Dana L. Mason* for the plaintiff.