Cowin, J.
This action consists of three counts. Count I is an appeal pursuant to G.L.c. 40A, §17 from a decision of the Town of Pembroke’s Zoning Board of Appeals denying plaintiffs application for a use variance permitting the use of land in an area defined as a flood plain by the Town’s Zoning By-Law. Count II claims that the Town’s flood plain zoning by-law is invalid because it is “vague and ambiguous,” and Count III is a taking claim.
Defendants originally sought dismissal of all three counts for a variety of reasons relating to faulty service. Plaintiff, however, filed a motion to amend, which motion was agreed to by the defendants in open court and was allowed. The defendants further agreed in open court that because of the motion to amend they would waive service as to Counts II and III and that the only remaining issue on their motion to dismiss was that notice as to Count I did not meet the requirements of G.L.c. 40A, §17.
Said statute provides in pertinent part that “the plaintiff shall within fourteen days after the filing of the complaint send written notice thereof, with a copy of the complaint, by deliveiy or certified mail to all defendants.” Plaintiff has filed an affidavit stating that all defendants had been served copies of the complaint by certified mail as provided by G.L.c. 40A, §17. Both the certificate of service and return receipts attached to the affidavit indicate that all three defendants were served at 100 Center Street, Pembroke, the address of the Pembroke Town Hall, not at their home addresses. None' of the defendants signed the return receipt cards; the card were all signed by Albert E. Cain, a Town Hall employee. Defendants claim that service upon them at the Town Hall is insufficient. They maintain that the statute requires service at their home addresses.
DISCUSSION
Compliance with the notice provisions of G.L.c. 40A, §17 is essential to the maintenance of an appeal and has been held to be a jurisdictional prerequisite to suit under G.L.c. 40A. See Curcio v. Russo, 3 Mass.App.Ct. 730 (1975). However, the defendants do not claim that they did not receive notice; rather their argument is that they did not receive notice at their home addresses. The issue is thus whether the members of the board may be served at the Town Hall with the return receipt signed by their agent or whether they must be served at home.
It is to be noted that Section 17 appears to depart from the normal manner of service upon boards. Mass.R.Civ.P. 4(d)(5) provides that service upon boards is to be made upon the chairperson or other chief executive officer or by “leaving copies of the summons and complaint at the office of the board with the person then in charge thereof.” Certified or registered mail to “such officer” is also an alternative. General Laws c. 40A. §17, by contrast, requires different service. All the individual defendants must be served. Does this different service requirement mean that the members must be served as if they were not government officials, i. e., at their residences or in hand?
The statute itself merely states that service is to be made “to all defendants.” Giving the words their ordinary meaning, the words do not require service of the individual defendants at their residences or in hand. Further, no case has been called to the attention of the *507 Court that imposes such a requirement. The interpretation defendants seek requires reading into the statute the words “at their homes.”[3] In today’s society, it is impractical and illogical to read in such a requirement. Given the unfortunate need for security today, it may be virtually impossible to ascertain a Board member’s home address without hiring a private investigator. Town employees are undoubtedly (and should be) reluctant to provide such information. Even if telephone numbers for the board members may be obtainable from directory assistance, directory assistance no longer provides addresses for telephone numbers.
Further, there is no logical reason to require service at home. The board members are being sued because of their work for and at the Town Hall. Thus, service at the place where they perform the town business makes sense.
This conclusion is in accord with the recent cases on the subject. See, for example, Konover Management Corp v. Planning Board of Auburn, 32 Mass.App.Ct. 319 (1992). In Konover, formal notice of the procedure for judicial review of the town planning board’s decision was never actually filed in the office of the town clerk as required by G.L.c. 40A, §17.[4] The Court held that actual knowledge of the appeal by the town clerk and the assistant town clerk, which knowledge was provided by a planning board employee who had received a copy of the complaint, was sufficient to satisfy the notice requirement. The Court noted that “(t]he purpose of the notice provision is to give interested third persons at least constructive notice of the appeal. Strict compliance with all the details of the notice provision is not required, so long as notice adequate to serve the purpose of the provision is given within the period limited.” Id. at 323-24. Here, it would appear that the purpose of the notice provision is to inform the board members of the appeal. Notice adequate to serve the purpose of the provision was given. Service of the board members at the Town Hall should make them aware of the appeal.
The conclusion that the notice provision’s purpose was served here is supported by the strong presumption that a public official will perform honestly and impartially and will properly discharge the duties of office in the public interest. Konover Management Corp v. Planning Board of Auburn, supra, at 326. “A necessary corollary is that the official will not ‘wilfully shut [her] eyes to the means of acquiring knowledge which [s]he knows are at hand and thus escape the consequences which would flow from the notice had it been actually received.’ ” Id. citing Conte v. School Comm. of Methuen, 4 Mass.App.Ct. 600, 605 (1976). Cf. Consent to Adoption of a Minor, 363 Mass. 537, 543-44 (1973) (“jurisdiction did not depend on whether the present petitioner chose to receive the notice mailed to her or whether, as appears, she chose not to receive it and further to ignore the postal notice that the . . . letter was available to her”).[5]
Thus, the notice to the board members atTown Hall satisfies the statutory notice requirement and the motion to dismiss is to be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss be DENIED.

The defendants did not argue that in-hand service was required.

Said section requires notice to both the town clerk and all defendants.

It is noted that the individual letters to the board members were signed for by a Town Hall employee. Once a Town Hall employee signed for the letters, as a public official, he had a duty to deliver them to the addressee board members. Konover Management Corp. v. Planning Board of Auburn, supra, at 320.