Fishman, J.
In this action, Stephen Griff d/b/a Uxbridge Motorsports, Inc. (“Griff j is appealing a decision of the Town of Uxbridge Zoning Board of Appeals (“ZBA”) pursuant to G.L.c. 40A, §17. Specifically, Griff is appealing the Board’s decision that his motor sports park is a prohibited use under the Uxbridge Zoning By-law. This matter is before the Court on Griffs motion for summary judgment pursuant to Mass.R.Civ.P. 56, and the defendants’ cross motion for summaiy judgment. The issues presented concern procedural compliance with the requirements of G.L.c. 40A, §§15,17. For the reasons set forth below, Griffs motion is DENIED, and the defendants’ motion is DENIED.
BACKGROUND
The undisputed facts as revealed by the summaiy judgment record that are necessary to resolve these cross motions are as follows:
Griff is the owner of Uxbridge Motorsports Park (“Park”), located in the Town of Uxbridge, having purchased same in September 2001. The Park is used to teach the sport of motocross and has a practice facility for its students. The property on which the Park sits is within an Industrial zoning district. In 2001, an abutter filed a request for zoning enforcement with the Uxbridge Board of Selectmen[2] (“Selectmen”), alleging that the Park was not a permitted use under the Uxbridge Zoning By-laws. A hearing was held on October 25, 2001, and, on that date, the Selectmen held that the Park is not a permitted use, and ordered Griff to cease operations. The Selectmen found that the By-laws do not specifically allow “a motor sport practice track” on the subject property.[3] The relevant By-law provides, in pertinent part, that the following uses are permitted in an Industrial Zone:
*91 Any other industrial use which is not dangerous by reason of fire, explosion or other hazards or injurious, noxious or detrimental to the Town of Uxbridge or populous by reason of emission of dust, odors, gas, smoke or vibration or some other nuisance.
Griff appealed the Selectmen’s decision to the ZBA. A hearing was held before the ZBA on January 16, 2002. On January 25, 2002, the ZBA filed its decision with the Town Clerk. The ZBA determined that “they stand by the decision of the Uxbridge Board of Selectmen dated October 25, 2001.” The three defendant members of the ZBA unanimously voted to approve a motion “that, based on Town Council [sic] opinion, Uxbridge Motor Sports Park Track.. . does not, under the Town of Uxbridge Zoning By-Laws, have a right to operate a motor sport practice track in an Industrial Zone and ordered the motor sports practice track be permanently closed down.” The parties agree that no opinion of Town Counsel was physically attached to the ZBA’s decision, and, indeed, the ZBA decision does not indicate that it received a written opinion from counsel. Nor was any such opinion of counsel formally incorporated by reference by the ZBA decision.[4]
The complaint, appealing the ZBA’s decision, was filed with this Court on February 6,2002. On February 13, 2002, service was made on the individually named defendants and the Town of Uxbridge Zoning Board of Appeals by serving in-hand Denise Delannoy, the secretary at the Town Clerk’s Office in Uxbridge. The Acting Town Clerk, Holly Gallerani, avers that a review of the records of the Town Clerk reveals that no “notice of appeal” of the ZBA decision has ever been filed with the Town Clerk, including within twenty days of the date of the decision. Ms. Gallerani’s affidavit makes no reference to whether the complaint was served on her office on February 13, 2002, or at ary other time within twenty days of the ZBA decision.[5]
DISCUSSION
Summary judgment may be granted only where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 420 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). This has been described as a heavy burden, with any doubts as to the existence of a genuine issue of fact to be resolved against the movant. 10A Wright, Miller and Kane, Federal Practice and Procedure, §2727 at 124-25 (2d ed. 1983) (discussing identical federal rule); see also Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991) (all conflicts resolved and all inferences to be drawn in favor of party opposing the summary judgment motion). The Court is not in a position, at this pretrial stage, to weigh evidence, or to assess the credibility of any witness who would testify to a particular fact. Gordon v. American Tankers Corp., 286 Mass. 349, 353 (1934); see also Kelly v. Rossi, 395 Mass. 659, 663 (1985). Nor should a court grant summary judgment to a party “merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.” Hayden v. First National Bank, 595 F.2d 994, 997 (5th Cir. 1979), quoted with approval in Attorney General v. Bailey, 386 Mass. 367, 370 (1982). Unless the court is convinced that the party bearing the burden of proof has “no reasonable expectation" of satisfying that burden such that there is a complete failure of proof on at least one essential element, summary judgment would be inappropriate. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1997); see also Lyon v. Morphew, 424 Mass. 828, 831 (1994). Applying these principles to the case at bar, this Court concludes, that neither the plaintiff nor the defendants have sufficiently shouldered their respective burdens of demonstrating the absence of a triable issue.
Griff maintains that he is entitled to summary judgment because there is no genuine issue of material fact with regard to the failure of the ZBA to clearly set forth the reason or reasons for its decision, as required by G.L.c. 40A, §15. The defendants, while complaining bitterly about the inadequacies of Griff s summary judgment submissions and maintaining that those inadequacies alone dictate a denial of Griff s motion,[6] do not directly address Griffs claim. They do not maintain the adequacy of the ZBA’s written decision, nor do they proffer any evidence supporting that decision. Rather, they claim that this Court is without jurisdiction to entertain this appeal because of Griffs purported failure to comply with that which they claim c. 40A, §17 requires, i.e., that he file a “notice of appeal” with the Town Clerk within twenty days of the filing of the ZBA decision.[7]
This Court’s review of a board’s decision on a G.L.c. 40A, § 17 appeal is based on de novo fact finding. Davis v. Zoning Board of Chatham, 52 Mass.App.Ct. 349, 355 (2001). However, the board’s decision “cannot be disturbed unless it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary.” MacGibbon v. Board of Appeals of Duxbury, 356 Mass. 635, 639 (1970). This Courtis being asked by the plaintiff in this case only to determine whether the purported absence of articulated clear reasons for the ZBA’s decision entitles him to summary judgment; it is not requested, at this stage of the proceedings, to engage in de novo fact finding to review that decision. Indeed, the present record before the Court is wholly inadequate for such a review.
The legislature has mandated in Section 15 that “[t]he board shall cause to be made a detailed record of its proceedings, indicating the vote of each member *92 upon each question, and setting forth clearly the reason for its decision and of its official actions ...” (emphasis added). In Salah v. Board of Appeals of Canton, 2 Mass.App.Ct. 488, 489 (1974), the board of appeals appealed a decision of the Superior Court which annulled the board’s decision that a proposal was not within the permissible uses of the town’s zoning by-law. In determining that the board’s decision was wrong as a matter of law, the Appeals Court considered the arguments made in favor of the board’s decision in its brief to that Court. Id. at 493. The Court noted that, “(a]part from the explanation in the brief, the board’s decision would, in any event, be inadequate because it did not ’’[set] forth clearly the reason for . . . [the board’s decision] . . ." Id. at 493 n.6, quoting the former G.L.c. 40A, §18. The Salah opinion does not indicate the precise language of the board’s decision which was deemed inadequate in that case.
Even assuming, without deciding, the inadequacy of the ZBA’s decision in the case at bar, the question remains as to what is the legal consequence of a failure of a board to clearly set forth the reasons for its decision. Given the requirement of de novo fact finding in which the Superior Court may not give the board’s findings or decision evidentiary weight, see Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972), citing Devine v. Zoning Bd. of Appeals of Lynn, 332 Mass. 319, 321-22, it would be illogical and inappropriate to grant summary judgment solely based on the limitations of the board’s written decision. Indeed, a board’s decision may be upheld for reasons other than those clearly articulated in a board’s decision. Moreover, if the record before the Superior Court is inadequate, it may well be appropriate to remand the matter to the board for further explanation. See, e.g., Croteau v. Planning Board of Hopkinton, 40 Mass.App.Ct. 922, 923 (1996). Whether such a remedy is appropriate in the instant case, however, is not presently before the Court.
The defendants’ cross motion for summary judgment is predicated on the statutory provision which, as a prerequisite for judicial review of a board’s decision, mandates that “[n]otice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days.” G.L.c. 40A, §17A. Defendants maintain that the Superior Court is without jurisdiction to consider an appeal where the plaintiff has failed to file its “notice of appeal” in the town clerk’s office within twenty days of the filing of the board’s decision, and rely on the affidavit of Uxbridge’s Acting Town Clerk averring that no “notice of appeal” was timely filed in her office in this case. Defendants cite to a series of cases holding that the timeliness requirement is inflexible. E.g., Bingham v. City Council of Fitchburg, 52 Mass.App.Ct. 506, 570 (2001) (where notice was given to mayor 15 minutes after clerk’s office was closed, and clerk became aware of action on the following morning, plaintiffs appeal dismissed).
Clearly, receipt of notice by the town clerk is a jurisdictional requisite for maintaining an action under c. 40A, §17. Garfield v. Board of Appeals of Rockport, 356 Mass. 37, 39 (1969). “The purpose of the notice provision is to give interested third persons at least constructive notice of the appeal. Strict compliance with all the details of the notice provision is not required so long as notice adequate to serve the purpose of the provision is given within the period limited.” Costello v. Board of Appeals of Lexington, 3 Mass.App.Ct. 441, 443 (1975). The Supreme Judicial Court has held the notice requirement to have been satisfied where the clerk only received a notice of action but not a copy of the complaint. McLaughlin v. Rockland Zoning Bd. of Appeals, 351 Mass. 678, 679-80 (1967). In Konover Management Corp. v. Planning Bd. Of Auburn, 32 Mass.App.Ct. 319, 320-22 (1992), the inadvertent failure to physically serve the town clerk’s office was not deemed fatal, because the clerk became aware of the action within the statutoiy time period through the town planner, who had been served with the complaint. The Appeals Court held:
The technical error or omission in Konover’s attempted service upon the clerk was a “relatively innocuous” misstep that was not “so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal...” Schulte v. Director of the Div. of Employment Sec., [369 Mass. 74, 79 (1975)]. The procedural lapse did not “interfere!] with the accomplishment of the purposes implicit in the statutoiy scheme” — all of the defendants as well as the clerk’s office were actually and seasonably alerted to the Konover complaint for judicial review — and no one representing the interests of the town of Auburn “can justifiably claim prejudice.” Id. at 80. Cf. Twomey v. Board of Appeals of Medford, 7 Mass.App.Ct. 770, 774 (1979).
In the case at bar, it is uncontested that the secretary in the Town Clerk’s Office was timely served with the complaint. There is no statutoiy requirement that the complaint be accompanied by something entitled, “notice of appeal.” Clearly, the statutoiy required notice of Section 17 was accomplished by actual service of the complaint at the Town Clerk’s Office. No one representing the Town of Uxbridge does, or, for that matter, can justifiably claim prejudice.
ORDER
Accordingly, for all the foregoing reasons, plaintiffs motion for summary judgment is DENIED, and defendants’ motion for summary judgment is DENIED.

 Apparently, the Selectmen serve as the Zoning Enforcement Officer.

 Although no written findings or transcript of the Selectmen’s findings are part of the summary judgment *93 record, the parties have similarly characterized that Board’s determination.

 Somewhat curiously, neither plaintiff nor the defendants have made Town Counsel’s opinion, in any form, part of the summary judgment record.

 No affidavit of Ms. Delannoy was filed, but an affidavit of Atty. Albert G. Hayeck, who filed the instant complaint, states that his process server was told by Ms. Delannoy that she was “the secretary, agent and person in charge at the Town Clerk’s Office at Uxbridge.”

 By separate Order, this Court has denied the defendants Town of Uxbridge’s and Town of Uxbridge Zoning Board of Appeals’ Motion to Strike Affidavit of Stephen Griff.

 The defendants also claim that the case must be dismissed because of Griffs alleged failure to comply with c. 40A, §17, ¶2, requiring the filing of an affidavit of service within twenty-one days of the entry of the action. The plain meaning of this statutory language imposes this obligation only where the action is commenced by someone other than the original applicant, appellant or petitioner. It is, therefore, inapplicable to the case at bar. See Curcio v. Russo, 3 Mass.App.Ct. 730 (1975).