DAMMIN vs. TOWN OF NANTUCKET, MISC 21-000173

































 
 JOHN T. AND BEVERLY DAMMIN and JAMES E. AND DEBORAH S. RIESENBACH, Plaintiffs v. TOWN OF NANTUCKET, TOWN OF NANTUCKET ZONING BOARD OF APPEALS, SUSAN McCarthy, LISA BOTTICELLI, EDWARD S. TOOLE, MICHAEL J. O'MARA, and KERIM KOSEATAC, as they are members of the THE TOWN OF NANTUCKET ZONING BOARD OF APPEALS, and 14 NEW MILL STREET, LLC, as owners of 14 New Mill Street, Defendants
 MISC 21-000173 
 AUGUST 23, 2021
NANTUCKET, ss.
RUBIN, J.
DECISION














 Defendant 14 Mill Street, LLC ("Private Defendant") has moved to dismiss the Verified Complaint filed by plaintiffs John T. and Beverly Dammin and James E. and Deborah S. Riesenbach ("Plaintiffs") for lack of subject matter jurisdiction pursuant to Mass. R. Civ. P. 12(b)(1), contending that Plaintiffs have failed to comply with two separate filing requirements in G. L. c. 40A, §17. The two narrow issues before the court are: (1) whether Plaintiffs' notice to the Nantucket town clerk of the commencement of this action was sufficient to comply with the notice requirement of G. L. c. 40A, §17; and (2) whether Plaintiffs' delay in filing an affidavit of notice ("Affidavit of Service") with the court is fatal. Plaintiffs' complaint appeals a decision of the Nantucket Zoning Board of Appeals upholding a decision of the Building Commissioner that use of 14 Mill Street, Nantucket (the "Property") exclusively as a short-term rental is a permitted use by right in that location under the Nantucket Zoning Bylaw (the "Decision"). Based on the record before the court, I address below each of the Private Defendant's arguments in turn and conclude neither failing was fatal. For the reasons stated below, the motion to dismiss is DENIED. 





FACTUAL RECORD 





 The Verified Complaint and other materials submitted by the parties establish the following facts, which are accepted as true for the purposes of this motion. The Board issued the Decision on March 2, 2021 and filed it with the town clerk on March 8, 2021. Plaintiffs, all direct abutters to the Property, commenced the present appeal of the Board's decision by filing with this court a Verified Complaint together with a Civil Cover Sheet, asserting as its sole count an appeal pursuant to G. L. c. 40A, §17. The Verified Complaint was filed either on Friday, March 26, 2021 or on Monday, March 29, 2021 -- in either case, within the statutory twenty-day appeal period required by G. L. c. 40A, §17. Although the Land Court date stamp appears on the filed copy of the Verified Complaint as "21 Mar 29 AM 10:25," Plaintiffs' counsel has filed an affidavit attesting that she gave the filing package to a courier on March 26 for same-day delivery to the court. The affidavit also appends a copy of an invoice from the courier bearing the March 26, 2021 delivery date (Tab F to Plaintiffs' Supplement to Land Court Rule 4 Appendix, Exhibit A to the Affidavit of Lily Ricci). No affidavit or other documentation establishes what time the filing package may have actually arrived at the court on March 26, 2021. [Note 1] Plaintiffs contend, and the Private Defendant disputes, that filing of the Verified Complaint for the purpose of G. L. c. 40A, §17, occurred on March 26, 2021. 





 On Friday, March 26, 2021, Plaintiffs filed a copy of the Verified Complaint with the town clerk together with a copy of the Civil Cover Sheet and a letter stating: "Enclosed please find a copy of the Verified Complaint and certified copy of the Board of Zoning Appeals Decision. Both were filed in the Land Court earlier today." Although the copy of the Verified Complaint filed with the town clerk on March 26, 2021 does not include the court's date stamp or docket number, it is the same document that was later date-stamped by the court on March 29, 2021. [Note 2] The town clerk date-stamped the cover letter showing delivery on "2021 MAR 26 PM 3:35." Thereafter, on Tuesday, March 30, 2021, Plaintiffs served all defendants by certified mail, return receipt requested as is evidenced by copies of the receipts included in the Affidavit of Service filed with the court. As of the date of filing of the Affidavit of Service on April 28, 2021, signed receipts for five of eight defendants were of record (including those for the Private Defendant, Town of Nantucket and two of the individual members of the Zoning Board of Appeals). Notices of Appearance by counsel on behalf of Private Defendant, the Town of Nantucket and Town of Nantucket Zoning Board of Appeals were filed with the court on April 15, 2021. 





DISCUSSION 





 Standard of Review. In reviewing a Rule 12 motion to dismiss, the court determines whether, viewing the allegations in the complaint in the light most favorable to the non-moving parties, it appears beyond doubt that the non-moving parties can prove no set of facts in support of their claim entitling them to relief. Boston Water & Sewer Comm'n v. Commonwealth, 64 Mass. App. Ct. 611 , 614 (2005). In reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Mass. R. Civ. P. 12(b)(1), the court accepts as true the factual allegations in the complaint, as well as any favorable inferences reasonably drawn from them. Ginther v. Comm'r of Ins., 427 Mass. 319 , 322 (1998). In considering subject matter jurisdiction under Rule 12(b)(1), the court may consider matters outside the four corners of the complaint, which are used to support the movant's claim that the court lacks subject matter jurisdiction. Id. at n.6. 





 Early Filing with the Town Clerk. The Private Defendant does not contend that Plaintiffs failed to timely file their Verified Complaint with the court, but rather contends that Plaintiffs ran afoul of the Section 17 requirement for filing a copy of the complaint with the town clerk. According to the Private Defendant, it was fundamentally fatal to file a copy of the Verified Complaint with the town clerk on March 26, 2021 before the Verified Complaint had been date stamped and docketed by the court on March 29, 2021 because the town clerk may not have known whether an appeal of the Board's decision had actually been filed with the court. On the other hand, Plaintiffs point out that there is no dispute that the Verified Complaint was filed with both the Court and the town clerk withing the twenty-day statutory window and argue that the statutory purpose of notice to the town clerk was satisfied. 





 Section 17 requires that an appeal of a decision of a local board of appeals granting zoning relief be made "by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk." G. L. c. 40A, §17. The section further provides, "Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days." Id. "Receipt of notice by a city clerk is a prerequisite 'for an action under G. L. c. 40A, §17, which the courts have 'policed in the strongest way' and given 'strict enforcement.'" Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566 , 568 (2001), quoting Konover Management Corp. v. Planning Bd. of Auburn, 32 Mass. App. Ct. 319 , 322-323 (1992). "Failure to comply with this jurisdictional requirement means that the [court] lacked jurisdiction over the zoning appeal." Town of Uxbridge v. Griff, 68 Mass. App. Ct. 174 , 176, n. 3 (2007). "Failures in meeting the twenty-day deadline are not forgiven." Bingham, supra, 52 Mass. App. Ct. at 569. 





 Plaintiffs correctly state that in some limited circumstances the courts have not insisted on strict compliance with the statutory requirement of notice to the town clerk. In Konover, the notice to the town clerk was mistakenly filed with the town planner, who showed the complaint to the town clerk within the statutory period, without any copy of the complaint actually being filed with the town clerk. In Garfield, notice of the action was filed with the town clerk at the town clerk's home after the close of business on the twentieth day. In Carr v. Bd. of Appeals of Saugus, 361 Mass. 361 (1972), the notice was filed with the town clerk, but a copy of the complaint was not filed. And finally, in McLaughlin v. Rockland Zoning Bd. of Appeals, 351 Mass. 678 (1967), a copy of the complaint was filed with the town clerk, but no notice of the filing of the action was filed. In all of these cases, although the notice was procedurally deficient, it was deemed to have fulfilled the purposes of the statute, because in each of these cases, "within the mandatory twenty-day period the clerk is actually notified that an appeal - i.e., a complaint has in fact been timely filed." Konover, supra, 32 Mass. App. Ct. at 324-325. 





 In light of the circumstances before the court, it is useful to consider the standard for evaluating such "problems of procedural compliance." Konover, supra, 32 Mass. App. Ct. at 323, n. 8, which is set forth in Schulte v. Director of the Div. of Employment Sec.: 





 Sloppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones. Some errors or omissions are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal. A prime example is attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule. . .With respect to other slips in the procedure for judicial review, the judge is to consider how far they have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice. After such an assessment, the judge is to decide whether the appeal should go forward without more, or on terms, or fail altogether. 





Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74 , 79-80 (1975). As noted in Konover, "[t]his is entirely in keeping with the modern judicial attitude toward procedural issues, which favors decisions on the merits, disfavors decisions on the basis of mere technicalities, and seeks to assist, not hinder, persons who have cognizable legal claims to bring their problems before the courts." Konover, supra, 32 Mass. App. Ct. at 323, n. 8. 





 In the circumstances of this case, I find and rule that Plaintiffs' filing with the town clerk provided adequate notice of the filing of the Verified Complaint. The central purpose of G.L. c. 40A, § 17's notice provisions is to ensure that the board, the permit holder, and interested third persons "be forewarned  that the zoning status of the land is still in question" and "have the opportunity to review [the] details" of the challenge. Konover, supra, 32 Mass. App. Ct. at 325, 326; See also Pierce v. Board of Appeals of Carver, 369 Mass. 804 , 808 (1976) ("This [requirement] goes on the common sense basis that a record in the clerk's office should be available to furnish 'constructive' notice to interested persons that the decision of the board of appeals has been challenged and may be overturned"). This was achieved by the documents that were filed and served. Here, both the Verified Complaint and the notice to the town clerk were timely filed in the proper places, timely served upon the proper parties, correctly referenced the parties' names and addresses, the property at issue, and the Decision, and identified the court where the appeal had been filed and the grounds of the appeal. No one has shown any confusion or prejudice of any kind. See Konover, supra, 32 Mass. App. Ct. at 327; Twomey v. Bd. of Appeals of Medford, 7 Mass. App. Ct. 770 , 773-774 (1979); see also Hilner v. Beane, 21 LCR 659 , 660 (2013) (Misc. Case No. 08 MISC 390392) (Long, J.). 





Late Filing of Affidavit of Service. As a separate grounds for dismissal, Private Defendant takes issue with the fact that the Affidavit of Service was not filed until April 28, 2021, beyond the twenty-one day period required by Section 17. That requirement appears in the second paragraph of Section 17, which provides in pertinent part: 





 To avoid delay in the proceedings, instead of the usual service of process, the plaintiff shall within fourteen days after the filing of the complaint, send written notice thereof, with a copy of the complaint, by delivery or certified mail to all defendants, including the members of the board of appeals or special permit granting authority and shall within twenty-one days after the entry of the complaint file with the clerk of the court an affidavit that such notice has been given. If no such affidavit is filed within such time the complaint shall be dismissed. 





G. L. c. 40A, §17. Assuming the Verified Complaint was filed on the later of the two disputed court-filing dates, March 29, 2021, the statutory timeframe for filing the Affidavit of Service would have been April 20, 2021, eight days before the actual filing on April 28, 2021. [Note 3] Private Defendant claims this is a fatal error. 





 In Shaughnessy v. Bd. of Appeals of Lexington, the Supreme Judicial Court addressed the failure to timely file an Affidavit of Service, concluding that such failure is not necessarily fatal, but rather is fatal only upon a showing of prejudice. Shaughnessy v. Bd. of Appeals of Lexington, 357 Mass. 9 , 13 (1970). While timely giving of the required notice to all defendants is jurisdictional, the "filing of the affidavit is an affirmation on the court record that the essential acts have been done" and "is not in essence or substance a jurisdictional act. When the essential acts have been done the failure to file the affidavit precisely within the time specified should not operate as a condition subsequent to nullify the essential acts and to deprive the court of the jurisdiction which it has acquired." Id. See also Twomey, supra, 7 Mass. App. Ct. at 773-774. 





 In the first instance, I note that it is not disputed that Plaintiff provided written notice of the filing of the complaint to all defendants by delivery or certified mail, as required by the first portion of the above quoted provision of Section 17. Significantly here, as Plaintiffs point out, counsel for the defendants filed their notices of appearance with the court on or before April 15, 2021, well before the statutory deadline. Nor have Private Defendant identified any harm flowing from the tardy filing of the Affidavit of Service. Accordingly, based on the record before the court, I find and rule that late filing of the Affidavit of Service has not resulted in any delay or prejudice to the defendants and its filing satisfied the statutory purpose. 





CONCLUSION 





 For the foregoing reasons, the Private Defendant's motion to dismiss is DENIED. 





So Ordered. 





FOOTNOTES
[Note 1] I note that during March of 2021, because of the COVID-19 pandemic, visitors were not allowed upstairs in the Suffolk Superior Courthouse to file documents directly with the Land Court Clerk's Office. Instead, a bin labeled "Land Court" was placed in the lobby of the building for deliveries, which court staff retrieved periodically. 

[Note 2] Private Defendant points out that the Civil Sheet included with the court filing package differ slightly from that filed with the town clerk. (Compare Tabs B and C to Defendant 14 New Mill Street, LLC's Statement of Material Facts and Appendix). Specifically, the town-filed version includes a handwritten signature of Attorney Lily Ricci with typed BBO Number and Date of "3/26/21," while the court-filed version includes a shorter form of signature (perhaps initials) with handwritten BBO Number and Date of 3/26/21. This discrepancy may be odd, but does not appear to be material to the issues before the court. 

[Note 3] The twenty-first day after March 29, 2021, fell on Monday, Patriots Day, April 19, 2021. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.